UNITED STATES vs. GAMBLE & BATES, garnishees, &c.

A motion is no part of a record until so made by a bill of exceptions.

## ERROR to St. Louis Circuit Court.

·GANTT, *for Plaintiff, insists*:

1. That the judgment on which the suit against Holliday was brought, merged the offence for which he was originally indicted, and debt lies on the judgment against Holliday, *ex contractu.*— United States vs. Dodge, 14 Johnson, 95; Act of Congress 24th September, 1789, ch. 20, § 11; Addison's Reports, U. S. vs. Wolf, 312; Houston vs. Moore, 5 Wheat.; 1st Chitty's Pleadings, 126, 127, 403, 404. And that the jurisdiction of the courts of the several States, in civil actions, in which the United States are plaintiffs, is, in cases not excepted by the letter or spirit of the Judiciary Act, (1 Story's Laws U. S., 57 and following) concurrent with that of the courts of the United States.

2. It may be conceded, without damage to the case of plaintiff in error, that the courts of New York and Kentucky (U. S. vs. Lathrop, 17 Johns 4; 1 Dana, 442) correctly laid down the law in the cases cited, the case at bar being entirely clear of the principle of those decisions. If debt on a bond for the payment of duties can be entertained by a State court, as seems to be conceded, (1 Kent's Com. 401; U. S. vs. Dodge, 14 John., 95; U. S. vs. Lathrop, 17 John., 4) debt will also lie on a judgment for those duties or the penalty for not paying them, and a State court will hold cognizance of the cause by parity of reason.

3. That to refuse jurisdiction in such a case as that at bar, would be to deny all remedy to the United States, and put them in a worse condition than any foreign power, or any foreign or domestic corporation. The Nabob of the Carnatic vs. East India Company, 1 Ves. Jr., 371; 10 Mass., 91; 5 Cow., 550; King of Spain vs. Oliver, Peter's Cir. Ct. Rep. U. S., 276; St. Louis Per Ins. Co. vs. Cohen, 9 Mo. Rep., 421.

4. The fact that the present action could not have been commenced to any purpose in the U. S. Courts, by reason of defendant's non-residence in Missouri, (12 Peter's, 300; 15 Peter's, 169, 171; 1 Story's Laws U. S., 57, § 11) furnishes a strong reason why the State court should hold cognizance of it. 1 Chitty's Pleadings, 479; 6 East., 600; 5 Mass., 362; 3 Mass., 24.

5. There is no necessity for a bill of exceptions showing that the plaintiffs in error excepted to the ruling of the court below, because,

First. The objections to the jurisdiction of the court, made by the garnishees and by them signed, are, to all intents and purposes, a plea in abatement to the jurisdiction of the court; and this, in form as well as substance, so far as the position of the garnishees on the record allowed, and the judgment of the court is, as if given on demurrer to the plea in abatement, in which case no bill of exceptions is necessary.

Second. This court has decided expressly that "the Supreme Court will take notice of and review the erroneous final judgment of an inferior court, although no motion was made to set aside such judgment, and although no exception was taken to it." Carr & Co. vs. Edwards, 1 Mo. R. 137, quoted in West vs. Miles, 9 Mo. R., 167, where the same principle is decided.

6. That the jurisdiction of the State court does not depend on the question whether or not the process of the U. S. Court could reach the defendant, nor is it to be concluded that, if not, then the State court cannot have jurisdiction, since a State court can at most have concurrent jurisdic-

tion with the U. S. Courts, &c. But that it is to be tested by the inquiry whether the U. States Court has jurisdiction over the matter and the person, supposing them both before the court by legal process.

· 7. That though one government will not enforce the penal laws of another, nor take notice of the political consequences of its judgments, yet the pecuniary fine imposed by a government becomes a debt which can be enforced elsewhere. And that this is especially the case where the United States asks the aid of the State courts of one of the members of the Federal Union. Josh. Ward, assignee, &c. vs. Nehemiah Mann, *et al.*, decided March term, '46, of Sup. Judicial Court. of Mass. See Law Reporter, No. ——

8. That the discretion of the court below in holding cognizance of this cause is not an arbitrary thing, to be wantonly exercised or capriciously denied, but that it is governed by the strictest considerations of the duty to which a tribunal for the enforcement of rights and redress of wrongs is subject, from its constitution and nature. Art. 7 of Declaration of Rights of the people of the State of Missouri.

## BATES, *for Defendants, insists:*

1. A civil action of debt cannot be maintained upon a criminal sentence. Debt on judgment is classed with actions on contract and is based on an implied agreement to pay, &c. Bl. Com.; 1 Chit. Pl., page 103-4, 126-7; 2 Sel. N. P. 530, and see the forms and notes thereon; 2 Chit. Pl., 482, &c. These, according to Lord Coke, are the lock and key of the common law.

If debt can be brought for the money—part of the punishment—why not *debt in the detinet*, for lashes or imprisonment?

2. But if such action be legally possible, it cannot be maintained by the United States; because, The United States cannot sue except in its own courts. See the Constitution. And,

12 Pet. R., 657, Rhode Island vs. Massachusetts, wherein it is declared to be the duty of the Federal Judiciary to decide all cases arising under the constitution and laws.

And again, Congress cannot vest any portion of the judicial power, except in courts ordained and established by itself. Martin vs. Hunter's lessees, 1 Wheat. 304; (3 Cond. R. 578;) 1 Kent's Com. 395.

Although a foreign prince or nation, being a person in law, may, from necessity, bring an action in our courts, still, the U. S., within the limits of its own jurisdiction, cannot. The United States government is a system perfect in itself, with means and machinery within its own borders, to maintain all its rights and enforce all its remedies. It cannot burden the State courts with its business, nor subject itself to the jealousy and conflict which would arise from such practice.

Our courts cannot give a judgment even for costs against the United States. Its own courts cannot. 8 Pet. R., 163, United States vs. Ringgold.

3. But this is a proceeding to enforce the criminal law of the United States, which cannot be done in the State courts. See Judiciary Act, § 11; 1 Story's Laws, p. 57; 1 Kent's Com., pages 395 and following, to 404, new addition, and cases there cited; Martin vs. Hunter's lessee, 1 Whe. 304; (3 Cond. R. 578.)

The § 33 of the Judiciary act does indeed provide for the *arrest* of offenders by State officers, but expressly excludes all proceedings by State officers, beyond examination and commitment.— And even this power has been more than doubted by high authority. Kent's Com., 12; Nile's Register, Almidda's case, Judge Bland's opinion at p. 114; Judge Hanson's opinion, p. 231; Rhode's case, Judge Chase's opinion, p. 264.

And among the States, the courts of one State will not expound or enforce the criminal law of another State. 2 J. R., 477-9; 2 C. R., 203; 3 Binney, 220; 5 Binney, 617; 3 Dall. 53; U. S. vs. Lawrence; and ib. in note at p. 370; Hay'd R., 100.

And the same principle universally prevails among foreign nations.

4. But if the U. S. may sue in the State court, and may maintain a civil action on a criminal sentence, still the U. S. cannot maintain this action by *attachment* on the ground that the defendant is non-resident. It cannot have a different or greater remedy in the State courts than in its own courts; at most, the jurisdiction is concurrent; and if so, attachment will not lie, for it will not lie in the Federal courts. See Toland vs. Sprague, 12 Pet. R., 300, and Levy vs. Fitzpatrick, 15 Pet. R., 167–71.

The Judiciary Act declares that "no civil suit shall be brought in the courts of the U. S. by any original process, in any other district than that whereof the defendant is an inhabitant, or in which he shall be found at the time of serving the writ." And see 11 Pet. R., 25; McMekin vs. Webb, &c., 1 Kent's Com., 282, 302, sec. 14.

The U. S. Circuit Court of Mo. on these authorities quashed 14 writs of attachment vs. Abraham Barnes, on the motion of the garnishees, Ely & Hayes.

Scott, J., *delivered the opinion of the Court.*

Marshall Holliday was convicted of a crime against the United States and sentenced to imprisonment and to pay a fine. His trial and conviction took place in the Courts of the United States in Louisiana. Gamble & Bates, residing in this State, had in their hands moneys belonging to Holliday. A suit, by attachment, was commenced by the U. States against Holliday in the St. Louis Circuit Court, for the purpose of recovering the fine imposed by the court in Louisiana. Gamble & Bates being summoned as garnishees, on their motion, the suit was dismissed, and the United States brings the cause to this court. No bill of exceptions was filed in the cause.

It is an invariable presumption of this court that the proceedings of the inferior courts are correct, unless the contrary appears. He who seeks to reverse them must put his finger upon the error committed by them. Although a motion is set out by a clerk in the record, that does not make it a part of it. A clerk cannot make any thing a record which he pleases to write in the order book or see fit to copy into a record.— A motion is no part of the record, and it can only be made so by incorporating it into a bill of exceptions. This court, then, cannot notice the motion in this cause, as it was not preserved in a bill of exceptions. The presumption, then, must prevail that the judgment of the court below is correct. The other Judges concurring, the judgment will be affirmed.