State v. Shehane.

————◦◦◦◦◦————

THE STATE, Respondent, v. SHEHANE, Appellant.

1. To authorize an appeal to the Supreme Court, final judgment should have been rendered in the court from whose decision the appeal is taken.
2. Instructions to a jury should be incorporated into a bill of exceptions; otherwise they will be disregarded by the Supreme Court.

*Appeal from Oregon Circuit Court.*

SCOTT, Judge, delivered the opinion of the court.

The defendant was convicted of murder in the first degree, and afterwards appealed to this court. From the transcript filed it does not appear that any final judgment has been rendered in the cause. Until there is a final judgment, no appeal nor writ of error can be sustained. This appeal then must be dismissed. If the judgment has been pronounced and the clerk has failed to enter it, the record may be amended on proper application for that purpose; or if no judgment has been given, the defendant may yet be brought into court and sentenced, and then he will have a right to his appeal or writ of error. If there was a sentence pronounced or judgment given, and by reason of the failure of the clerk to enter it the time has passed within which by such judgment the defendant should have been executed, the court will again sentence the defendant, proceeding in conformity to the 25th and 26th sections of article 7 of the act to regulate proceedings in criminal cases. (R. C. 1855, p. 1200.) The record however will be amended so as to show the first sentence, if

there was any, although the time for the execution of the sentence may have elapsed.

It appears that there was a change of venue in this case from Ripley to Oregon county. The transcript from Oregon, where the trial took place, has no caption to it; nor is there any certificate of the clerk authenticating it. Both of these omissions must be supplied. There is nothing in the record showing what became of the cause after the overruling of the motion for a new trial. Surely the proceedings did not end there. Unless more care is taken in making up the records in criminal cases it will be impossible to sustain convictions, and our penal laws will become a dead letter. There are no instructions presented in the record. Instructions should regularly be incorporated in the bill of exceptions. Although they may appear among the papers in a cause and be spread upon the transcript, they will be disregarded unless they form a part of the bill of exceptions. So there is no bill of exceptions preserving the evidence in the cause. The paper containing the substance of the evidence and signed by the judge is no bill of exceptions. There does not seem to have been any point raised on the evidence as preserved in the record; of course, then, there could have been no bill of exceptions. There is a good deal of confusion created and much unnecessary delay in requiring more than one bill of exceptions in a cause. The law requires that an exception must be taken at the time the point made is decided; but this does not mean that the bill of exceptions shall be prepared and signed at the time. It is enough that the point is noted, and afterwards, when the trial is ended and the motion for a new trial is overruled, if there should be one, then the losing party will prepare a single bill of exceptions, in which will be preserved all the points ruled against him in the progress of the trial. This is now the practice adopted by most of the circuits in the state, and its superiority over the other mode should commend it to every one. This court never reviews the instructions given in a cause unless so much of the evidence

is preserved in the bill as shows that the point saved by it arose on the trial.

The other judges concurring, the appeal is dismissed because there is no final judgment in the cause.