JEFFERSON CITY v. OPEL, *Plaintiff in Error.*

**Bill of Exceptions**: MOTIONS AND INSTRUCTIONS are no part of the record, and can only be made part of it by being incorporated bodily in a bill of exceptions. If not so incorporated, they can not be noticed by the appellate court. Mere reference to them in the bill by citing the page of the transcript on which they appear is insufficient.

*Error* to *Cole Circuit Court.*—HON. GEORGE W. MILLER, Judge.

*E. L. Edwards & Son* for plaintiff in error.

*Ewing, Smith & Pope* for defendant in error.

HENRY, J.—This was an action in the Cole circuit court for the recovery of money paid by the relator to the defendant, Opel, as collector of the city of Jefferson, on an alleged illegal assessment of relator's property for taxes.

Plaintiff obtained a judgment, from which defendant has appealed. Neither the motion to strike out parts of the defendant's answer, the motion for a new trial, nor the motion in arrest of judgment is incorporated in the bill of exceptions, and it has been uniformly held, that, unless incorporated in the bill of exceptions, neither instructions nor motions can be noticed by this court, although they may be set out in the record.

"A clerk cannot make anything a record which he pleases to write in the order book or sees fit to copy into a record." Nothing but the record proper is a part of the record, until made so by being copied into the bill of exceptions. A mere reference to motions and instructions in the bill of exceptions by citing the page on which they appear, on what the clerk pleases to certify as the record, will not suffice. They must be copied in full. *U. S. v.*

*See *Baker v. Loring*, 65 Mo. 527 ; *Johnson v. Hodges,* Ib. 589 ; *State v. Treace,* 66 Mo. 124.

*Gamble & Bates*, 10 Mo. 459; *State of Mo. v. Wall*, 15 Mo. 208; *Christy's Admr. v. Meyers*, 21 Mo. 112; *State v. Shehan*, 25 Mo. 565; *Sturdevant v. Walkins*, 47 Mo. 177. The bill of exceptions is prepared and signed before the record is made up, and the signature of the judge who tries a cause, to a bill of exceptions, which, instead of containing the motion passed upon by the court, has memoranda for the clerk, such as "here insert it," or "see page——of the record," is necessarily a mere skeleton. Nothing but a bill of exceptions can make motions a part of the record, and unless incorporated bodily in the bill, they cannot be noticed by this court. They are no part of the record proper, and should not appear there, and why they are inserted as a part of the record and omitted from the bill of exceptions, when it has been so often decided by this court that they will not be considered unless incorporated in the bill of exceptions, we are at a loss to understand. Copying them in both places unnecessarily encumbers the transcript, and it is of no avail to the party excepting, that they are in the record proper where they do not belong, if omitted from the bill of exceptions where and where only they do properly belong.

Judgment affirmed. All concur except NORTON, J., not sitting

AFFIRMED.