D. A. MORRISON ET AL., Respondents, *v.* J. A. LEHEW, Appellant.

### May 5, 1885.

1. APPELLATE PRACTICE—BILLS OF EXCEPTIONS.—Upon motion properly supported by affidavit showing that the record is not a transcript of the bill of exceptions signed by the trial court, an appellate court will order the clerk of the trial court to send up the original bill of exceptions.

2. —— SKELETON BILLS OF EXCEPTIONS.—If the original bill of exceptions shows that it was signed in skeleton, with the directions "here insert evidence," the transcript of evidence will not be considered on appeal.

3. —— If there is nothing before the court but the record proper and that does not disclose any fact justifying the appeal, the judgment will be affirmed with ten per cent. damages.

APPEAL from the Clark County Circuit Court, TURNER, J.

*Affirmed with ten per cent. damages.*

N. P. GIVENS and W. L. BERKHEIMER, for the appellant.

HOWARD and WOOD & MONTGOMERY, for the respondents.

ROMBAUER, J., delivered the opinion of the court.

Plaintiffs sued defendant for a balance of $180.25 alleged to be due to them from defendant, for goods sold and delivered. Defendant answered denying plaintiffs' claim, and averring an accounting between himself and plaintiffs, and a settlement of the matters in controversy between them based upon such accounting. Defendant further answering claimed that he had fully complied with the terms of such settlement, and prayed judgment accordingly.

Upon the trial of the cause, the jury found for plaintiffs, and assessed their damages at $159.43-100, for which amount and costs judgment was entered in favor of plaintiffs.

The defendant, appellant, filed a transcript of the record in this court, which purports to contain all the evidence offered upon the trial of the cause. Plaintiffs, claiming that the evidence was embodied in such transcript without any warrant of law, moved this court, under the provisions of the act approved April 2, 1883 (Sessions Acts 1883, p. 124) for an order upon the clerk of the Clark County circuit court, commanding him to transmit to this court the original bill of exceptions filed by defendant in said cause. This instrument is now before us, and as far as it has any reference to any testimony offered at the trial, is in words and figures as follows:

"Be it remembered that on the trial of this cause the following proceedings were had. The defendant to sustain the issues on his part, offered evidence as follows (insert evidence). The plaintiff to sustain the issues on his part, offered evidence as follows, (insert). This was all theevidence offered.

It is needless to say that this bill is insufficient to

authorize any one to insert any evidence into the transcript, and thus make it part of the record. Records are made by order of the court and not by order of counsel or voluntary action on the part of clerks.— *United States* v. *Gamble*, 10 Mo. 459; *Christy* v. *Myers*, 21 Mo. 114; *Blount* v. *Zink*, 55 Mo. 455; *Jefferson City* v. *Opel*, 67 Mo. 394; *Ober* v. *Railroad Company*, 13 Mo. App. 84. Such being the case we must find that the evidence has been inserted into the transcript filed by appellant without any warrant or authority of law, and can not be considered by us as part of the record for any purpose.

Bills of exception are sometimes by consent of parties signed in a skeleton form, and afterwards filled out by the clerk in making out the transcript. This, however, can be done only in cases where the call is for something definite and certain, and for some written instrument called for, which instrument is brought to the notice of the court when the judge signs the bill. One of the very objects of such a bill is to have the trial court pass upon the fact, as to whether or not it correctly sets out the evidence given upon the trial. How can this be done, where the evidence to be inserted is a mere blank, and what power has the clerk to determine, whether the written report of the testimony furnished to him by either party is or is not a correct report of the testimony?

It follows from the foregoing, that we are limited in this case to an examination of the record proper, and that finding no error therein we affirm the judgment. In this conclusion all the judges concur. As the record fails to disclose any fact in justification of the appeal the majority of the court are of opinion that the judgment should be affirmed with damages. In this view Judge Thompson does not concur. It is ordered that the judgment be affirmed with ten per cent damages.