MARGARET JONES, Plaintiff in Error, v. JOHN CHRIS-
TIAN ET AL., ADMINISTRATORS OF EDWARD JONES,
DECEASED, Defendants in Error.

Kansas City Court of Appeals, February 8, 1887.

1. PRACTICE—BILLS OF EXCEPTIONS—HOW FRAMED TO CONSTITUTE
RECORD.—Nothing but the *record proper* is part of the record until
made so by being copied into the bill of exceptions. A mere *re-
ference* to motions and instructions in the bill of exceptions, by
citing the page on which they appear, or what the clerk pleases to
certify as the record, will not suffice, *except* when they are called
for in the bill in such manner as certainly to identify them, when
the clerk comes to perform the duty imposed upon him by section
1030, Revised Statutes, of writing such bill out at full length.

2. ——— CONSTRUCTION OF ACT OF 1885, ON THIS SUBJECT.—The
statute (Laws of Mo. 1885, p. 219) provides that it shall not be nec-
essary to the review of the action of the lower court that the motion
for *new trial* or *in arrest*, or the *instructions* should be set forth in
*the bill of exceptions*, if the bill contains a direction to the clerk to
copy the same, and the same *are* copied in the record sent up to the
appellate court. *Held*, that this does not include the omission
from the bill of exceptions of *the evidence*.

3. ——— WHAT RECORD MUST SHOW AS TO BILLS OF EXCEPTIONS
WHEN ALLOWED.—It is not sufficient that the original bill of ex-
ceptions has the file mark of the clerk upon it. The *record of the
court* must show it to have been filed in the court.

4. ——— WHEN JUDGMENT AFFIRMED.—When no error is apparent of
record the judgment of the trial court should be affirmed.

ERROR to Adair Circuit Court, HON. ANDREW
ELLISON, Judge.

*Affirmed.*

The case is stated in the opinion.

JAMES M. DEFRANCE, for the plaintiff in error.

A. D. RISDON, with SEARS & GUTHRIE, for the defendants in error.

· I.  Said alleged *evidence* should be stricken from the transcript.  (1) Because the reference thereto and call for it in the bill of excepitons is too loose and indefinite and does not identify it with sufficient certainty. *Morrison v. Lehew*, 17 Mo. App. 633 ; *Lockard v. Railroad*, 21 Central Law Journal, 412 and note ; s. c., 23 N. W. Rep. 653 ; *Railroad v. Wagner*, 19 Kan. 335 ; *United States v. Gamble*, 10 Mo. 394 ; *City of Jefferson v. Opel*, 67 Mo.  394 ; Laws of Missouri, 1885, · Acts, page 219, sect. 1, amending section 3776, Rev. Stat., 1879.  *Expressio unius, exclusio alterius.  Lowry v. Carver* (Indiana), 2 Western Reporter, 267 ; *Parks v. Council Bluffs Ins. Co.* (Iowa, June 10, 1886), 28 N. W Rep. 424 ; *Williams v. Williams* (Iowa, April 7, 1886), 27 N. W. Rep. 472.  (2) Because there was no order of *court* allowing any *bill of exceptions*.

PHILIPS, P. J.—The errors assigned for a reversal of the judgment of the circuit court are such as involve an examination of all the evidence introduced at the trial by the plaintiff.  This evidence can only be brought to our attention for review when properly preserved in the bill of exceptions.  The bill of exceptions, as first certified to this court in the transcript, contains what purports to have been the evidence admitted at the trial. On suggestion of defendants in error, on motion, that the transcript, in this respect, was incorrect, on order of this court, the clerk of the circuit court has sent here the original. bill of exceptions.  This bill is what is commonly known as "a skeleton bill of exceptions."  It does not set out the evidence, but it is as follows: " The plaintiff to sustain the issues on her part introduced the following evidence (here copy the evidence of Sanford Snyder, then the depositions of Cora Stoneburner, and Peter Stoneburner, then the evidence given by John

Richey, John L. Porter, H. W. Snyder and Henry Drake).''

It is observable, in passing, that the bill does not even direct the clerk to insert the designated evidence. The question then arises: how could the clerk insert this evidence, especially that portion of it delivered orally at the trial? And how is this court to know that the clerk has properly and fully presented this evidence?

We find among the papers pertaining to this case an affidavit filed herein on the tenth day of this month, by defendant's counsel, explaining how the bill of exceptions was made up in the manner it was, and stating that he furnished, after the approval thereof by the trial judge, the minutes of the oral testimony of the witnesses, to the clerk for insertion in the bill of exceptions. But we cannot regard this affidavit. It is no part of the record herein. *Sturdivant v. Watkins*, 47 Mo. 177; *Baker v. Loring*, 65 Mo. 527; *State v. Treace*, 66 Mo. 124.

We must, therefore, look alone to the original bill of exceptions to determine whether the evidence is properly before us.

A brief review of the decisions of the Supreme Court seems to be demanded, in order to a clear understanding of this question of practice.

In *United States v. Gamble and Bates* (10 Mo. 457), it was held that a motion for new trial was no part of the record until made so by being inserted in the bill of exceptions. Scott, Judge, said: "Although a motion is set out by the clerk in the record, that does not make it a part of it. A clerk cannot make any thing a record which he pleases to write in the order book, or sees fit to copy into the record. A motion is no part of the record, and it can only be made so by incorporating it in the bill of exceptions."

In *State v. Shehane* (25 Mo. 565), it was held that: "Instructions should regularly be incorporated in the bill of exceptions. Although they may appear among

the papers in the cause and be spread upon the transscript, they will be disregarded, unless they form a part of the bill of exceptions."

The case of *Jefferson City v. Opel* (67 Mo. 394), presents the question here involved. The bill of exceptions was a skeleton bill. It directed the clerk, as ("here insert") and the like. Henry, Judge, said, *inter alia:* " Nothing but the record proper is a part of the record, until made so by being copied into the bill of exceptions. A mere reference to motions and instructions in the bill of exceptions by citing the page on which they appear, or what the clerk pleases to certify as the record, will not suffice. The bill of exceptions is prepared and signed before the record is made up, and the signature of the judge who tries a cause, to a bill of exceptions, which, instead of containing the motion passed upon by the court, has memoranda for the clerk, such as 'here insert it,' or 'see page of the record,' is necessarily a mere skeleton. Nothing but a bill of exceptions can make motions a part of the record, and unless incorporated bodily in the bill, they cannot be noticed by this court."

In the later case of *State v. Van Zant* (71 Mo. 554), it was held that a bill of exceptions, not bodily incorporating the instructions, but directing the clerk to insert same, was sufficient to authorize the clerk to set them out in the transcript, provided, they were called for in the bill "in such manner as certainly to identify them when the clerk comes to perform the duty imposed upon him by section 1030, Revised Statutes, of writing said bill out at full length."

It was, perhaps, with the last two decisions in his mind that Rombauer, J., wrote the opinion in *Morrison v. Lehew* (17 Mo. App. 633). The bill of exceptions in that case, as filed, did not set out the evidence, but contained the direction "here insert," etc. It was held to be insufficient to authorize the clerk to insert the testimony delivered by witnesses at the trial. The

learned judge further observed : ''Bills of exceptions are sometimes, by consent of parties, signed in a skeleton form, and afterwards filled out by the clerk in making out the transcript. This, however, can be done only in cases where the call is for something definite and certain, and for some written instrument called for, which instrument is brought to the notice of the court when the judge signs the bill.''

From these later cases it would seem that where the skeleton bill of exceptions calls for depositions read at the trial, and so designates them as to make their identification certain, the clerk is authorized to incorporate them in the bill in making out the transcript.

Since the promulgation of the opinions, *supra*, in *Jefferson City v. Opel*, and *State v. Van Zant*, the legislature have had these matters of practice under consideration. In 1883 (Laws Mo. 1883, p. 134), provision was made whereby the appellate courts were authorized to have the original bill of exceptions sent up for inspection and guidance. And in 1885 (Laws Mo. 1885, p. 219), it was provided that it shall not be necessary to the review of the action of the lower court that the motion for new trial or in arrest, or the instructions should be set forth in the bill of exceptions ; provided the bill of exceptions contains a direction to the clerk to copy the same, and the same are copied by him in the record sent up to the appellate court.

This latter act is quite significant. It is generally conceded, as a rule of construction, that where the attention of the legislature is directed to a given subject, and it legislates thereon, in a remedial way, and limits its enactment to certain specified instances, this is exclusive from its operation of other matters of like character. The act limits the cure to motions for new trial and in arrest of judgment, and to instructions. It does not include the omission from the bill of exceptions of the evidence. This becomes the more significant in view of the fact that the decision in *State v. Van Zant* already

authorized the incorporation of instructions in the transcript, where the bill of exceptions called for them by appropriate reference.

Be this as it may, applying the rule recognized in *State v. Van Zant* and *Morrison v. Lehew*, to this case, we can only regard the evidence contained in the depositions referred to in the bill of exceptions. We cannot consider the testimony of witnesses delivered *ore tenus*, at the trial. It appearing from the bill of exceptions that other testimony, aside from the depositions, was heard, how are we to determine that the circuit court erred in sustaining a demurrer to the evidence, unless we have the whole of the evidence before us? While the evidence contained in the depositions might have made out a *prima facie* case for plaintiff, the other testimony may have entirely disproved it, or so impaired its probative force, as to have warranted the court in withdrawing the case from the jury. *State ex rel. Neal v. Kamp*, 6 West. Rep. 1881; *Railroad v. Grantham*, 2 West. Rep. 280. He who seeks to reverse for error must make that error apparent, and not leave it to mere conjecture. The presumption of law is in favor of the correctness of the action of the trial court.

II. The record in this case fails to show, also, that the bill of exceptions was made of record. The original bill of exceptions has the file mark of the clerk upon it. But this is not sufficient. The record of the court must show it to have been filed in the court. *Fulkerson v. Houts*, 55 Mo. 302; *Johnson v. Hodges*, 65 Mo. 589.

III. No error being apparent of record the judgment of the circuit court should be affirmed. It is accordingly so ordered. Hall, J., concurs; Ellison, J., not sitting.