THOMAS MOCKLER, Plaintiff in Error, v. WILLIAM
SKELLETT, Defendant in Error.

St. Louis Court of Appeals, April 29, 1889.

Practice, Appellate: BILL OF EXCEPTIONS. The action of the trial
court upon several motions to affirm the judgment appealed from
a justice of the peace, to dismiss the appeal and to set aside an
affirmance, will not be considered by the appellate court, when no
such matters, nor any motion for a new trial are preserved in a
bill of exceptions ; and the errors complained of not appearing in
the record proper, the judgment must be affirmed.

*Error to the St. Louis City Circuit Court.*—HON.
JAMES A. SEDDON, Judge.

AFFIRMED.

*E. J. O'Brien*, for the plaintiff in error.

*E. B. Sherzer*, for the defendant in error.

It is contended that no bill of exceptions having
been filed, and the motions themselves thereby made
part of the record ( the only method by which in the
case at bar they could be made such ), and no exceptions
to the action of the court upon them taken or saved,
neither said motions, nor the action of the court
thereon, are open to review here. *Jefferson City v.
Opel*, 67 Mo. 394–5 ; *Christy's Adm'r v. Myers*, 21 Mo.
112, 113, 114 ; *U. S. v. Gamble*, 10 Mo. 457, 459. That
after the expiration of the term of court in which said
motions were considered and determined, it was not
competent for the court below, much less an appellate
court, to set aside the adjudication therein, especially
in default of a motion directed to that end, and in the
absence of exception to its action, taken and saved.

*Harbor v. Railroad,* 32 Mo. 423, 425 ; *Hill v. City of St. Louis,* 20 Mo. 584, 587, 588.   That had exceptions been taken and saved by bill of exceptions, yet as no motion to set aside dismissal and for new trial had been filed, the motions and action of the court thereon are not reviewable here.   *Railroad v. Carlisle,* 94 Mo. 163, 168-9 ; *State ex rel. v. Burckhartt,* 83 Mo. 430, 432, 433.

THOMPSON, J., delivered the opinion of the court.

This action was commenced before a justice of the peace.   The plaintiff had judgment before the justice, and the defendant appealed to the circuit court.   The judgment was rendered by the justice on September 5, 1887.   The appeal was granted by the justice on September 6, 1887.   At the December term, 1887, of the circuit court, the judgment of the justice was affirmed on motion of the plaintiff.   On a later day of the same term the court set aside the judgment of affirmance. Still later during the same term another motion to affirm the judgment was submitted to the court and overruled. At the February term, the court entered a judgment dismissing the cause for the want of prosecution.   To reverse this judgment the plaintiff sues out a writ of error to this court, and assigns for error the refusal of the circuit court to affirm the judgment of the justice of the peace by reason of the failure of the defendant to give the statutory notice of the appeal, it not having been taken on the day on which the justice's judgment was rendered.

The plaintiff saved no exception to any ruling made by the circuit court, took no bill of exceptions, made no motion for new trial or in arrest of judgment.   In such a case, it is well settled that there is nothing before us for review except matters arising on the face of the record proper.   It is time that counsel learned what has been so often repeated by the supreme court and by this

court, that the clerk of the circuit court cannot make a record, and that motions which are filed and ruled upon in the course of a proceeding in the circuit court do not form a part of the record and cannot be considered by this court, on error or appeal, unless they are made part of the record by being incorporated in a bill of exceptions. *Jefferson City v. Opel*, 67 Mo. 394; *United States v. Gamble*, 10 Mo. 459; *Greene County ex rel. v. Wilhite*, 35 Mo. App. 39. Under this rule, we cannot look to the motions which the clerk has copied into the transcripts for the purpose of seeing on what ground the circuit court originally affirmed the judgment of the justice, on what ground this judgment of affirmance was set aside, or on what ground the court was asked a second time to affirm it. Even if exceptions had been saved to the ruling of the circuit court of which complaint is made, they would have been unavailing, by reason of the failure of the plaintiff to renew them, after the rendition of the final judgment, by a motion for new trial, or a motion for an arrest of judgment, made within the time prescribed by law. *Kansas City, etc., Ry. Co. v. Carlisle*, 94 Mo. 166; *Bevin v. Powell*, 11 Mo. App. 216, 220. The error complained of in this case does not arise upon the record proper. It is apprehended that no decision has ever been rendered in this state, to the effect that the ruling of a trial court in setting aside a judgment rendered at the same term and reinstating the cause upon its docket, can be assigned for error in an appellate tribunal, without an exception to the ruling having been made and renewed by a motion for new trial, after final judgment, and thereafter brought to the attention of the appellate court by a bill of exceptions.

The judgment will be affirmed. All the judges concur.