Perkins v. Bakrow.

P. B. PERKINS, Appellant, v. FERDINAND BAKROW, Respondent.

St. Louis Court of Appeals, February 18, 1890.

1. **Bill of Exceptions.** A bill of exceptions, to become a part of the record, must be signed by the judge of the trial court; otherwise it presents nothing for review.

2. **Practice, Appellate :** MOTIONS FOR NEW TRIAL NOT EMBODIED IN BILL OF EXCEPTIONS. A motion for a new trial is not, of itself, part of the record, and, if not embodied in the bill of exceptions, it does not become a part of the record by the insertion of it in a transcript on an appeal.

*Appeal from the Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

*F. S. Heffernan,* for the appellant.

*R. L. Goode,* for the respondent.

BIGGS, J., delivered the opinion of the court.

This action is upon a voluntary subscription, made by the defendant to aid in the construction of an opera

house in the city of Springfield.  The suit was begun before a justice of the peace, and judgment was entered for defendant.  The case was appealed to the circuit court, and, on a trial *de novo*, the defendant again had judgment.  From that judgment the plaintiff has again appealed.

It is impossible for us in the condition of the record to review this case.  In the first place, the document embodied in the record, and designated by the clerk as the bill of exceptions, does not purport to be signed by the presiding judge.  The plaintiff's motion for a new trial is incorporated by the clerk in that portion of the transcript containing the record proper.  The briefs filed by counsel set forth instructions given and refused by the court.  We find no intimation in the record that any instructions were either asked or given.

In order that a bill of exceptions may become a part of the record, it must be signed by the judge.  No exceptions or rulings made during the course of the trial can be reviewed by an appellate court unless preserved in a bill of exceptions, which has been duly authenticated and made a part of the record by the trial judge.  *Beven v. Powell*, 11 Mo. App. 216; *McNeil v. Ins. Co.*, 30 Mo. App. 306; *Puller v. Thomas*, 36 Mo. App. 105.

Another well-established rule is that motions for new trial form no part of the record proper, and must be embodied in the bill of exceptions.  *Kohn v. Lucas*, 17 Mo. App. 29; *State v. Gee*, 79 Mo. 313.  The incorporation of such a motion by the clerk in the record proper in no way aids the appellant's case, for the reason that the clerk has no authority to make any such paper a part of the record.  *United States v. Gamble*, 10 Mo. 459; *Christy's, Adm'r, v. Myers*, 21 Mo. 112; *Jefferson City v. Opel*, 67 Mo. 394; *Kohn v. Lucas*, *supra*.

The judgment in this case will have to be affirmed.  All the judges concur.