R. S. MARTIN, Plaintiff in Error, v. W. L. LAMASTER, Administrator, Defendant in Error.

Kansas City Court of Appeals, November 4, 1895.

1. **Appellate Practice**: MOTIONS: BILL OF EXCEPTIONS. Nothing but a bill of exceptions can make a motion a part of the record; and, unless incorporated bodily in the bill, it can not be noticed by the appellate court; and then, exceptions to the rule of the court must be saved in the bill.

2. ———: ———: ———: CALL FOR PAPERS. Where a skeleton bill of exceptions calls for papers or motions, it should state certainly and definitely the paper called for, which should be a written instrument, and brought to the notice of the court at the signing of the bill.

3. ———: ———: ———: ———. In this case the call in the bill of exceptions for a motion, as paper A, is questioned as to its sufficiency and certainty and is allowed for the present case only and without the effect of precedent.

4. **Administration**: AFFIDAVIT AGAINST IMPROPER ALLOWANCE. Under section 213, Revised Statutes, 1889, an heir can file an affidavit against any allowance that may have been made against the estate whether notice of presentation of such allowance had been served upon the agent of the administrator or the administrator himself.

5. ———: ———: STATUTE: JURISDICTION. The section is remedial in its character and must receive a liberal construction; and this statutory enlargement of the jurisdiction of the probate court does not affect the equitable jurisdiction of circuit courts.

6. ———: IMPROPER ALLOWANCE: HEIR. If an heir, under the statute, is required to have an interest in the estate to avail himself of the statutory provisions, any interest, however small, would seem to suffice. In this case the heir has sufficient interest, although he had sold his interest in the real estate of the decedent.

*Error to the Boone Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

AFFIRMED.

*Ev. M. Bass* and *Draffen & Williams* for plaintiff in error.

. (1) The allowance of a claim by the probate court has the force and effect of a judgment (R. S. 1889, sec. 191, p. 157), which possesses the same force, efficacy, solemnity and validity as judgments of circuit courts. *Cooper v. Duncan,* 20 Mo. App. 355, and cases there cited. *Munday v. Leeper,* 120 Mo. 417, from which the right of appeal extends to any heir, devisee, legatee, creditor, or any other person having an interest, during the term, or within ten days thereafter. R. S. 1889, sec. 285, 286, p. 172, 173, over which, the court has no power or control after the term at which it is rendered. *Peak v. Redd,* 14 Mo. 79–83; *Miller v. Janney's Executor,* 15 Mo. 265–268; *The State ex rel. v. Tate,* 109 Mo. 265; *Wilks v. Murphy,* 19 Mo. App. 221, and cases cited. Against which, the only remedy, other than an appeal, is by a bill in equity for fraud, mistake or error. *Purdy v. Gault,* 19 Mo. App. 197; *Cooper v. Duncan,* 20 Mo. App. 355; *Moberry et al. v. McClurg et al.,* 51 Mo. 256; *Smith v. Sims,* 77 Mo. 269. The fraud must be in procuring the allowance, and not in legally procuring an allowance claimed to be fraudulent. And where the court has jurisdiction of parties and subject-matter and no appeal is taken, the judgment is *res adjudicata*. *Smith v. Sims,* 77 Mo. 269; *Murphy v. DeFrance,* 101 Mo. 151; *Richardson v. Stowe,* 102 Mo. 33; *Irvine v. Leyh,* 102 Mo. 200; *Murphy v. DeFrance,* 105 Mo. 53; *Munday v. Leeper, supra*. (2) The probate court certainly had no authority at a subsequent term to set aside and vacate the allowance in favor of plaintiff made on the thirteenth of January, 1892, and the order vacating that judgment was null and void. The administrator was duly notified and the judgment,

regular in all respects. Section 213 is not an independent provision, whereby all judgments of the probate court remain in abeyance and are subject to be vacated upon affidavit at any time within four months, but said section is to be read in connection with, and only applies to, sections 211 and 212. (3) W. T. Nichols, when he filed the affidavit, had parted with all his interest in the estate of Parthena Nichols. The statute evidently contemplates that the affidavit shall be filed by a party having a pecuniary interest in the matter. The administrator, heir or creditor is authorized to file the affidavit. The plain purpose of the statute is to confine this right to one whose pecuniary interest will be affected by the judgment. The affidavit of W. T. Nichols gave the probate court no jurisdiction.

*C. B. Sebastian* and *Eli Penter* for defendants in error.

(1) Plaintiff in error assigns for error first that the section 213, Revised Statutes, 1889, whereunder the probate court set aside its first allowance of the demands in suit, did not warrant such order. His theory is, that an examination of the prior enactments from which the section in question is derived demonstrates that it forms a part of the two preceding sections (Revised Statutes, 1889, 211, 212). But this point can not be adjudicated under the present record. The claimant made no objection to the order in the probate court; entered his appearance and presented his claim upon the trial anew in August, etc. It is true that he now claims to have filed a motion prior to the trial in the circuit court to remand the cause to the probate court, but he failed to preserve the motion in the bill of exceptions. It is the well settled law that a motion can only be made a part of the record by bill of exceptions.

This was not done and this court can not consider it, although the clerk has seen proper to copy it in the transcript. You can not look to it for any purpose. *Bank v. Finks*, 40 Mo. App. 367; 30 Mo. App. 306; *Elsenrath v. Kallmyer*, 61 Mo. App. 430. (2) Should the court be of opinion that the motion is sufficiently preserved to permit a review then there is no error. This motion of the court was sustained in the former trial of this cause and is sanctioned by *Dingle v. Pollick*, 49 Mo. App. 484. But I insist that the only question before the court is, should the claim be allowed and that was favorably passed on.

SMITH, P. J.—This is a case which originated in the probate court of Boone county. The plaintiff, after proper notice, presented a demand against the estate of the decedent to the probate court which was duly allowed and classified. At the next term of said court, and within four months after the allowance of the plaintiff's demand, William T. Nichols, a son of the deceased, filed in said court an affidavit alleging that said demand had been improperly allowed, and thereupon said court set aside the judgment and set the matter for rehearing on a day later on. At the rehearing the court disallowed the plaintiff's demand, and the plaintiff thereupon appealed to the circuit court, where the plaintiff had judgment, which, on appeal here, was reversed and cause remanded. *Martin v. Nichols*, 54 Mo. App. 594. At the second trial in the circuit court the defendant had judgment and the plaintiff appealed.

It is the contention of the plaintiff that the trial court erred in overruling the motion filed by him to remand the cause to the probate court and to direct that court to vacate and annul its orders and proceedings made after the judgment of allowance of plaintiff's de-

mand and to affirm the judgment so rendered. In answer to this contention the defendant insists that no such motion is preserved by the bill of exceptions. Under the authority conferred by section 2257, Revised Statutes, the original bill of exceptions has been transmitted to us for inspection. It is found to contain this recital, to wit:

"Be it remembered that at the trial of this cause, at the February term, 1894, of the circuit court of Boone county, the following proceedings were had, to wit (insert paper A.)": Accompanying and attached to the bill of exceptions is what purports to be "paper A." An examination of this exhibit shows it to be such a motion as that previously referred to by us in stating the plaintiff's contention. There is, however, no filing indorsed on it by the clerk, nor does the bill of exceptions state that it was ever filed, or otherwise refer to or identify it. After setting forth the grounds of the motion, there is this statement added, to wit: "Which said motion was, on the twenty-fourth day of February, 1894, seen and heard and by the court overruled, to which ruling the plaintiff then and there excepted."

The adjudged cases in this state conclusively show that for forty years and upward, the rule of appellate practice has been that nothing but a bill of exceptions could make a motion a part of the record, and that unless incorporated bodily in the bill it could not be noticed by the appellate court. *Jefferson City v. Opel*, 67 Mo. 394, and the cases there cited; *McNeil v. Ins. Co.*, 30 Mo. App. 306. And in order to put a motion on the record so as to become a part thereof, it was necessary to except to the ruling of the court thereon and to have the bill of exceptions state the fact. *Loudon v. King*, 22 Mo. 336.

Bills of exceptions are sometimes, by consent of

parties, signed in skeleton form and afterward filled out by the clerk in making the transcript. This can be done only in cases where the call is for something definite and certain, and for some written instrument called for, which instrument is brought to the notice of the court when the judge signs the bill. *Morrison v. Lehew,* 17 Mo. App. 635; *Roberts v. Bartlett,* 26 Mo. App. 611; *McNeil v. Ins. Co.,* 30 Mo. App., *supra.* Nor is this rule in any way infringed by the act of June 9, 1889, Session Acts, 1889, p. 209, sec. 3776.

The call here in the bill of exceptions is for the copying of "paper A;" but it is not stated that that paper is attached to the skeleton bill, nor what is its nature and import, nor does it state the fact that there was an exception to the ruling of the court thereon, which, as has been stated, was necessary to put the paper in the record. It is by no means certain that the words added at the end of the motion, already quoted, is a sufficient compliance with the rule which requires the bill of exceptions itself to state the action of the court on a motion before it can be put upon the record.

As to whether the plaintiff's motion so referred to in the bill of exceptions is sufficiently preserved as to authorize us to notice it, we are in much doubt. While it is by no means clear to us that the motion is properly preserved, we shall rule for the present purpose only that it is, and proceed to examine the grounds of the same, the principal one of which is that the probate court had no jurisdiction to set aside its judgment of allowance at a subsequent term. The question thus raised by the motion must be resolved in the light of the statute. Section 211, Revised Statutes, provides that if an executor, or administrator, shall be temporarily absent from this state, he shall appoint an agent in writing and file such appointment in the office of the probate court, to whom notice of demands against his

testator's or intestate's estate, as provided in sections 187 and 196, may be given. And the next succeeding section—212—provides that notice given to such agent, or filed among the papers relating to the estate against which the demand is claimed, shall be as effectual as if it had been given to the executor or administrator. These two sections are found in the revision of 1845 and have been continued without material change in each succeeding one. R. S. 1845, secs. 26, 27, pp. 94, 95; R. S. 1855, secs. 31, 32, art. 4, chap. 2, p. 157; G. S. 1865, secs. 31, 32, chap. 122, p. 504; R. S. 1879, secs. 214–215.

Section 28, article 4, chapter 3, Revised Statutes, 1845, corresponding to section 213, Revised Statutes 1889, provides: "If the executor or administrator shall, within four months after any demand shall have been allowed, upon notice given, *as prescribed by the two preceding sections* (italics ours), file, in the office of the court having jurisdiction of the estate, the affidavit of himself, or some credible person, stating that the affiant has good reason to believe and does believe that such demand has been improperly allowed, the court shall vacate such allowance and try the matter anew and allow or reject such demand as shall be right, and if upon such new hearing such demand shall be allowed it shall be classed and paid as if such new hearing had not been granted." In the revisions of 1855, 1865 and 1879, this section was adopted without substantial modification. R. S. 1855, sec. 33, art. 4, ch. 2, p. 157; G. S. 1865, sec. 33, ch. 123, p. 504; R. S. 1879, sec. 216.

In the last revision (R. S. 1889, sec. 213), the words: "upon *notice* given as prescribed in the two preceding sections," which were contained in previous revisions were omitted. So that the section as it now stands, does not restrict the jurisdiction of the probate

court, as was the case under the previous revisions, to the vacating of judgments of allowance, in those cases only where the notice of the presentation of the demand had been given to the agent of the executor or administrator, as provided in the two preceding sections, but widens and extends the jurisdiction of that court to any judgment of allowance, whether the notice of the presentation has been given to the agent or to the executor or administrator himself.

So radical a change in the statute, we think, must have been designed by the legislature to accomplish the result just stated. No rule of statutory construction with which we are acquainted can be invoked to uphold the plaintiff's contention. We can discover no ground to justify the conclusion that the section, as it now stands amended, still limits the exercise of the jurisdiction of the probate court to those cases where the notice of the demand is given as provided by the two preceding sections. The section is remedial in its character and must receive a liberal construction. *Weil v. Simmons*, 66 Mo. 617. The plain and obvious object the lawmaker had in view in so amending the statute was to afford the administrator, executor, heir, or creditor of an estate, having reason to believe that an improper allowance had been made against the estate, an opportunity to have the same, within four months thereafter, set aside and the matter tried anew, and this, too, whether notice of the presentation is given to the representative or his agent. And this statutory enlargement of the jurisdiction of the probate courts does not, in any way, alter or affect the jurisdiction of the circuit courts exercising equitable jurisdiction. The jurisdiction of these courts, in cases of fraud, is not ousted because a remedy exists at law. *Dingle v. Pollick*, 49 Mo. App. 479.

The plaintiff further objects that the court erred in

overruling his motion for an order directing the probate court to set aside its said orders and judgment made and given after the judgment of the allowance of plaintiff's demand, etc., for the reason that the complainant and affiant, W. T. Nichols, at the time of the filing of the affidavit, had disposed of his interest in the estate of the deceased and was not then an heir thereto. It appears from the evidence that the affiant had, previous to the filing of his affidavit, conveyed away his interest in the land, the title of which his mother died seized. He proceeded upon the idea that this land would not be needed for the payment of debts. If the plaintiff's judgment of allowance had been sustained, the land of deceased, notwithstanding such conveyance, would have been still subject to the payment of the plaintiff's judgment. It may have been that the affiant had warranted the title, or was in some way liable for the return of the purchase money to his grantee, in case the conditional title conveyed by him had been divested by a sale for the payment of plaintiff's judgment.

The statute gives the heir of an estate the right, by proceeding in the manner it directs, to have an allowance set aside, where improperly made. It seems to us that if it be required that the heir to an estate must have an interest therein, before he can avail himself of the provisions of the statute, any interest, however small, whether present or contingent, would suffice. We do not think the evidence clearly shows that the said W. T. Nichols had wholly disentitled himself as heir to any interest in said estate, to such an extent as deprived him of the right to avail himself of the statutory remedy. We therefore are of the opinion that the plaintiff's motion was properly overruled.

The plaintiff further objects that the trial court erred in its action in striking out certain portions of the testimony of the plaintiff. The testimony stricken

out, much of which had been admitted over defendant's objections, was clearly improper and so was rightly stricken out after it had been admitted.

No error is perceived in the action of the court in the giving of defendant's first instruction. It is, in substance, the counterpart of that given for plaintiff at his request; while the language employed by the two is not precisely the same, yet it can not be held by any fair construction that the idea conveyed by the one is essentially different from that of the other. Therefore, if that of the defendant is erroneous, so is that of the plaintiff and the error is common to both.

Nor do we perceive any error in the action of the court in giving the instruction it did upon its own motion.

A careful examination of the entire record, together with the points and authorities submitted by the plaintiff's counsel, has not convinced us that there was any error committed at the trial of the cause prejudicial to the plaintiff; so that it results that the judgment must be affirmed. All concur.