JAMES T. LLOYD, Executor, etc., Appellant, v. MARY J. THURMAN, Respondent.

Kansas City Court of Appeals, February 15, 1897.

Appellate Practice: BILL OF EXCEPTIONS: MOTIONS. Where neither the motion to dismiss nor the motions for a new trial and in arrest are preserved in the bill of exceptions, the appellate court can not review the action of the trial court in disposing of such motions.

*Appeal from the Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*W. O. L. Jewett* for appellant, on sufficiency of the record argued as follows:

Section 2253 of the Revised Statutes of 1889 provides that "in lieu of such (whole) transcript, a certified copy of the record entry of the judgment together with the order granting the appeal" may be filed, and then printed abstracts of the entire record may be filed in such time as the rules of the appellate court may prescribe. Rule 15 of this court requires that such abstracts be filed on or before the next preceding day on which the cause is docketed for hearing. Now, said section 2253 and said rule 15 have been complied with. The record of the judgment and the order granting the appeal have been duly filed, also five copies of the printed abstracts of the entire record have been duly

filed. So that section 2253 has been complied with, and the cause is properly here under such section, and the printed abstracts on file in this cause must be taken as the record in the cause. Respondent does not deny that there is such a record as that printed in appellant's abstract, which was duly served on respondent's attorneys, but simply complains that it was not certified to by the clerk. Such objection is not valid under said section 2253. Said section provides that respondent may set up any part of the record omitted by appellant; and it further provides that in case of a dispute as to what the record contains, then an order from the clerk of the appellate court shall bring the certified record up. There is in this cause no dispute as to what the record contains. Section 2253 has been complied with, and thus all the objections made by respondent to the record, covering respondent's entire statement, are disposed of, and then in detail reviewed. No cases cited in respondent's brief.

*R. P. Giles*, *W. H. Sears*, and *Dysart & Mitchell* for respondent.

The verity of the certified transcript can not be assailed, and any matter contained in appellant's abstract and statement not found in the transcript can not be considered by this court, and this case must be affirmed unless the record is shown to contain error. *State v. Blunt*, 110 Mo. 322. Appellate courts "neither will nor can take cognizance of matters not in the record." *Beck v. Dowell*, 111 Mo. 506–508, 509. The bill of exceptions is not copied into the transcript.

GILL, J.—This is a proceeding, instituted under sections 74 and following, Revised Statutes, 1889, to discover concealed assets belonging to the estate of M. M. Thurman, deceased. The case originated in the

probate court of Shelby county, whence it was taken by appeal to the Shelby circuit court and thence, by change of venue, to the Macon court. There have been several trials attended with varied fortune to either party, but at last resulted in a dismissal by the Macon circuit court on a motion filed by the defendant.

On account of a failure to incorporate within the bill of exceptions the matters which we are asked to consider, we have nothing to do but affirm the judgment, since there appears no error in the record proper. Neither the motion to dismiss nor the motions for new trial or in arrest are set out in the bill of exceptions; they are not therefore before us for review. The language of the supreme court in *Jefferson City v. Opel*, 67 Mo. 394, is appropriate here:

APPELLATE practice: bill of exceptions: motions.

"Nothing but a bill of exceptions can make motions a part of the record, and unless incorporated bodily in the bill, they can not be noticed by this court. They are no part of the record proper, and should not appear there, and why they are inserted as a part of the record and omitted from the bill of exceptions, we are at a loss to understand. Copying them in both places unnecessarily incumbers the transcript, and it is of no avail to the party excepting, that they are in the record proper where they do not belong, if omitted from the bill of exceptions where and where only they do properly belong."

See, also, *U. S. v. Gamble*, 10 Mo. 457; *State v. Shehane*, 25 Mo. 565; *State v. Griffin*, 98 Mo. 672; *Nichols v. Stevens*, 123 Mo. 119; *State v. Buck*, 130 Mo. 480; *Morrison v. Lehew*, 17 Mo. App. 633; *Jones v. Christian*, 24 Mo. App. 540; *McNeil v. Home Ins. Co.*, 30 Mo. App. 306; *Mockler v. Skellett*, 36 Mo. App. 174; *In re Webster*, 36 Mo. App. 355; *Perkins*

*v. Bakrow*, 39 Mo. App. 331; *Martin v. Estate of Nichols*, 63 Mo. App. 342.

The judgment of the circuit court must be affirmed. All concur.