VICTOR W. REITZ, Respondent, v. JOSEPH PATTON, Appellant.

### St. Louis Court of Appeals, February 15, 1898.

**Promissory Note:** INNOCENT PURCHASER: REPLEVIN. In replevin for the recovery of certain non-negotiable notes, the rule invoked by defendant, that an innocent purchaser for value of a non-negotiable note from one upon whom the owner has conferred apparent absolute ownership, will hold it against the true owner, had no application, where defendant failed to show that the debt for which the notes were taken was contracted on the faith of the security of the notes, or if it existed, that the time of its payment was extended, or that other security was released on the faith of the collaterals.

*Appeal from the Phelps Circuit Court.*—Hon. L. B. Woodside, Judge.

Affirmed.

No briefs filed.

Biggs, J.—This is an action of replevin to recover the possession of one principal note for $1,400 and eight interest notes of $56 each. The notes were executed by William Kieser and were made payable to the plaintiff. At the time of the execution of the notes the plaintiff and one Charles Schlierholz were partners in the real estate and loan business. The firm made the loan to Kieser. Subsequently the plaintiff indorsed the notes and put them in the safe of the company. The plaintiff testified that the assignments on the notes were as follows: "Pay to Reitz and Schlierholz." He also testified that the notes were non-negotiable; that the firm of Reitz and Schlierholz was dissolved in 1895; that in the division of the assets he (Reitz) received the notes in controversy, but he failed to take them out of the safe; that afterward Schlierholz, without the knowledge of plaintiff, delivered the notes to the defendant to secure the individual debt of Schlierholz. The defense was that the defendant accepted the notes as collateral security for a debt of $800 due him from Schlierholz without knowledge of plaintiff's title or claim of ownership. The cause was submitted to the court without a jury. No declarations of law were asked or given. The finding and judgment were for plaintiff. The defendant has appealed.

The first assignment of error is that the circuit court committed error in overruling the motion of the defendant to dismiss the action. The ground of the motion was that no petition had been filed. The assign-

ment may be disposed of with the statement that neither the motion to dismiss, nor the action of the court thereon, nor the exceptions (if any) of the defendant, are preserved in the bill of exceptions. *Smith v. Kansas City*, 128 Mo. 23; *Lloyd v. Thurman*, 69 Mo. App. 145; *Mockler v. Skellett*, 36 Mo. App. 174.

The next assignment of error is that the circuit court committed error in refusing to direct a nonsuit.

PROMISSORY notes: innocent purchaser: replevin.

We can not understand the grounds of of this contention of counsel. The evidence is undisputed that in the division of the assets of the firm of Reitz & Schlierholz, the notes became the individual property of the plaintiff. It is also undisputed that after the plaintiff became the sole owner of the notes Schlierholz, without the knowledge or consent of plaintiff, pledged them as collateral to secure his individual debt to the defendant. The defendant invokes the rule, which has been declared by some courts, that a *bona fide* purchaser for value of a non-negotiable note from one upon whom the true owner has conferred an apparent absolute ownership, will hold it against the true owner.

The inapplicability of this principle of estoppel to the facts in the present case is clear. The defendant failed to show that he was a *bona fide* purchaser for value in that he failed to show that the debt from Schlierholz to him was contracted on the faith of the security of the notes in controversy, or if the debt existed, that the time of its payment was extended, or that other security was released on the faith of the collaterals. Besides, the evidence as to the character of the indorsements on the notes was conflicting. The plaintiff testified that the notes were assigned to the firm. The circuit court was at liberty to accept this statement as true, and if true, the notes were pre-

sumptively the property of the firm, and under the evidence the defendant could not claim to be a *bona fide* purchaser, for *prima facie* Schlierholz had no authority to pledge the notes as security for his individual debt. Hence under this view of the evidence it can not be said that the plaintiff clothed Schlierholz with the apparent ownership of the notes.

The judgment of the circuit court will be affirmed. All the judges concur.