CHARLES N. LEE et al., Appellants, v. JAMES C. WILKINS et al., Respondents.

St. Louis Court of Appeals, February 21, 1899.

1. **Fraudulent Vendee of Personal Property**: TITLE: NOTICE. A fraudulent vendee of personal property may in its sale or other disposition, confer a good title on an innocent purchaser or pledgee, that is one who takes for value and without notice of the fraud; where a mortgage is given to secure an existing debt, and there is an extension of credit on the faith of the mortgage, the mortgagee is to be regarded as a purchaser for value.

2. Practice, Trial : MOTION IN ARREST.   The objection that the judgment is not in conformity with the verdict should be made by motion in arrest.

*Appeal from the Audrain Circuit Court.*—HON. ELLIOTT M. HUGHES, Judge.

AFFIRMED.

ORLANDO HITT for appellants.

A purchase of goods by one who at the time intends not to pay for them, is such a fraud as will entitle the seller to avoid the sale, although there were no fraudulent misrepresentations or false pretenses.   Herboth v. Gaal, 47 Mo. App. 255; Blackwell v. Fry, 49 Mo. App. 638; Thomas v. Freligh, 9 Mo. App. 151; Fox v. Webster, 46 Mo. 181; Dow v. Sanborn, 3 Allen 181; Benj. on Sales [6 Ed., Bennett's Am. Notes], 442.   The existence of an intention on the part of the debtor never to pay may be established by circumstantial evidence.   Such intention is seldom provable by direct evidence.   Blackwell v. Fry, 49 Mo. App. 638; Herboth v. Gaal, 47 Mo. App. 255. A vendee's knowledge when purchasing goods on credit, that he will not be able to pay for them, is tantamount to an intent not to pay for them.   Elsass v. Harrington, 28 Mo. App. 300; Reid, Murdock & Co. v. Lloyd & Moorman, 52 Mo. App. 278; Tallcott v. Henderson (31 Ohio St.), 27 A. M. Rep. 501.

GEORGE ROBERTSON for respondents.

But appellants have overlooked the fact that they introduced a great mass of evidence, then closed their case and had absolutely failed to prove that M. Blum & Company bought the property of them with no intention of ever paying for the same.   Manheimer v. Harrington, 20 Mo. App. 297.   These mortgagees are all purchasers in good faith and were in possession of the property when plaintiffs began their action in

replevin, and it is not necessary to discuss what may be the law as between plaintiffs and M. Blum & Company. This is an action between plaintiffs and the purchasers in good faith of M. Blum & Company. There is no question but a debtor has the right to prefer any of his creditors when done for the purpose of paying an honest debt. Ames v. Gilmore, 59 Mo. App. 537; Nelson, Etc., Co. v. Creath, 45 Mo. App. 169; Kendall v. Bain, 45 Mo. App. 581. And this may be done by giving a mortgage to secure existing indebtedness when accepted in good faith for the sole purpose of such security. Colbern v. Robinson, 80 Mo. 541; Schroder v. Bobbitt, 108 Mo. 289. Or it may be done by an insolvent by the transfer of his property to his creditor. Larrabee v. Bank, 114 Mo. 592; Sibly v. Hood, 3 Mo. 290; Cason v. Murray, 15 Mo. 378; Schroder v. Mason, 25 Mo. App. 190.

BIGGS, J.—This is an action of replevin for certain goods which the plaintiffs allege were fraudulently obtained from them by the firm of Blum & Company. The goods were shipped to Blum & Company during the last days of July, 1897, and were received about the first day of August. On the seventh day of August following, the company executed three chattel mortgages conveying its stock of goods, including those just received from plaintiffs, to secure certain debts which the firm owed. Following these mortgages Blum & Company made an assignment of its property for the benefit of creditors. The defendant Wilkins was named as assignee, and he immediately qualified and took possession of the goods. Two days afterwards the beneficiaries in the mortgages demanded of him possession of the property, or that he should hold and dispose of it as their agent. He testified that he agreed to the latter proposition. Ten days after the mortgages were executed the plaintiffs instituted this suit against Wilkins. They gave bond and the property was delivered to them under the writ. Afterwards the beneficiaries in the

mortgages were made defendants in the action.     The case was tried and submitted by the plaintiffs upon the theory that Blum & Company bought the goods with no intention of paying for them.     At the close of plaintiff's evidence the court instructed the jury to find the issues for the defendants. This was done and a judgment was entered on the verdict in favor of the defendant Hargadine-McKittrick Dry Goods Company for the value of the goods as found by the jury. The plaintiffs have appealed.

The evidence introduced by the plaintiffs tended to prove these facts:     In September, 1896, Blum & Company made a report to R. G. Dun's Mercantile Agency as to their financial standing.     The report was false, in that it represented that the property of the firm and of the individual partners was far in excess of their aggregate liabilities, whereas the firm and its members were hopelessly insolvent, were unable to pay fifty per cent of their indebtedness, and so continued up to the time they ordered the goods in question.     The plaintiffs were subscribers to the Dun Agency, and they sold the goods on the faith of the information given them by the agency as to the financial condition of the firm and its individual members. The plaintiffs also read in evidence the chattel mortgages, and also the several promissory notes mentioned therein.     The notes were of even date with the mortgages, and they became due thirty days thereafter.     The plaintiff's evidence also tended to prove that the notes were given in settlement of past due indebtedness.

We are of the opinion that the circuit court did right in directing a judgment for the defendants.     If it be conceded that plaintiff's evidence tended to prove an intention on the part of Blum & Company not to pay for the goods, the plaintiffs are still met with the insuperable objection that their evidence shows *prima facie* that the several mortgagees were innocent purchasers of the goods for value.     The plaintiffs read in evidence the notes and mortgages.     The notes import a con-

sideration, and the mortgages are presumptively valid. (Bank
v. Lindsay, 72 Mo. App. loc. cit. 595.) Conceding that the
notes were given in settlement of past due indebtedness, yet
they show an extension of credit, and as the plaintiffs failed
to introduce any evidence tending to prove that the mortgages
were accepted by the mortgagees with notice of the alleged
fraud by Blum & Company in the purchase of the goods, the
judgment was bound to be for the defendants, for under the
decision in this state, the mortgagees must under such circum-
stances and conditions be treated as innocent purchasers of
the goods for value.    Deere v. Marsden, 88 Mo. 512; Hodges
v. Black, 8 Mo. App. 389; Napa Valley Wine Co. v. Rinehart,
42 Mo. App. 171; Strauss v. Hirsch, 63 Mo. App. 95; Watson
v. Woody, 56 Mo. App. 145; Dymock v. Railroad, 54 Mo.
App. 400; Reitz v. Patton, 73 Mo. App. 616; Standard Oil Co.
v. Meyer Bros., 74 Mo. App. 446; Tiedeman on Sales, secs.
313 and 327.    The doctrine of the foregoing cases is that a
fraudulent vendee of personal property may, in its sale or other
disposition, confer a good title on an innocent purchaser or
pledgee, that is one who takes for value and
INNOCENT pur-     without notice of the fraud.    The cases fur-
chaser.           ther hold that where a mortgage is given to se-
cure an existing debt, and there is an extension
of credit on the faith of the mortgage, the mortgagee is to be
regarded as a purchaser for value.

The evidence tends to show that at the date of the trial
Wilkins had disposed of the property of the firm and had paid
all of the debts secured by the mortgages, except that of the
Hargadine-McKittrick Dry Goods Company.    Upon the ver-
dict as rendered, which was for all of the defendants, the court
directed a judgment to be entered in favor of the dry goods
company for the assessed value of the goods, such value being
less than the debt of the company, and the dry goods company
having so elected as provided by the statute.    It is now urged
that the judgment is not in conformity with the verdict.    This

assignment is not well taken, for the reason (if for no other) that the objection was not made by motion in arrest.

There are some objections and exceptions in the record pertaining to the admission of evidence. The rulings complained of are immaterial and harmless, as the evidence bore only upon the question of the bad faith of Blum & Company in the purchase of the goods.

With the concurrence of the other judges the judgment of the circuit court will be affirmed.