KEARNEY

v.

WOODSON & TRIGG ADM'S OF McCLELLAND DEC'D.

AUG. TERM
1835.

Kearney
v.
Woodson & Trigg
Admr's.

1. In actions on lost bonds, the affidavit of loss &c. may be made before a J. P.
2. In suits in the county court to establish a demand against an administrator, *profert* of a bond sued on is not necessary.
3. No objection to the plff's statement will be good unless a *general* demurrer would lie—and want of profert is only cause of *special* demurer
4. It seems that whether a copy of the note or account sued on accompanied the petition, is matter in *pais*, and can only be put on the record by bill of exceptions.

| | |
|---|---|
| 4 | 114 |
| 54a | 11 |
| 4 | 114 |
| 157 | 561 |
| 159 | 661 |

Opinion of the court delivered by McGIRK, J.*

Kearney filed his declaration in the county court, stating that McClelland in his life time made a note to him for $85, that the same is due and unpaid &c.

The declaration makes no profert of the note. The defendants appeared and moved the court to dismiss the plaintiff's action on the ground that the court had no jurisdiction of the cause which motion was by the court sustained.

The plaintiff appealed to the circuit court, when the cause was submitted to that court for trial, the defendants moved the court to dismiss the appeal from the docket, because the plaintiff has misconceived his remedy, which motion was sustained by the court. The appeal was dismissed, to reverse which the cause is brought here by a writ or error. To shew that the circuit court did right in dismissing the appeal the defendants in error have pointed out several objections to the plaintiff's proceeding in the county court.

They assume it to be the fact that this is an action on a lost bond, and that the statute authorising a suit at law on a lost bond requires a certain affidavit which is to be filed with the petition or statement of the plaintiff's demand, which is to be done some ten days before the court, and that this affidavit is to be made in the court where the cause is to be tried. Whereas the affidavit in this case appears to have been taken before a justice of the peace. It is true the act of the General Assembly passed Jan. 17th 1831, see acts 66, requires the affidavit to be taken before the court competent to try the same. Now as the party must commence his suit by filing his petition in the clerk's office before the court sets, and the affidavit must then be filed also—there would be no court in most cases

*In actions on lost bonds, the affidavit of loss &c. may be made before a J. P.*

---

*Wash Judge, absent.

15

AUG. TERM
1835.

Kearney
v.
Woodson & Trigg
Adm'rs.

In suits in the
the county court
to establish a de-
mand against an
administrator,
profert of a bond
sued on is not ne-
cessary.

No objection to
the plff's state-
ment will be good
unless a general
demurrer would
lie—and want of
profert is only
cause of special
demurrer.

It seems that
whether a copy of
the note or ac-
count sued on ac-
companied the
petition, is matter
in *pais*, and can
only be put on the
record by bill of
exceptions.

to administer the oath to the party; with a view to reme-
dy this inconvenience, the legislature on the 5th Jan. 1833
passed an act authorising the affidavit to be taken before
a justice of the peace.   See page 89 of the session 1833.
This disposes of all objections as to the affidavit.

The next objection is that no profert is made in the
declaration.   The answer to this is, that the law which
authorises the party to sue in the county court says, the
party shall file a statement of his claim shewing the na-
ture of his demand.

This statement without making profert is sufficient.
The statute of amendments says, the want of profert is
only cause of special demurrer.   See revised code 129–30
sect. 10.   As there can be no demurrer in the county
court we think nothing ought to be taken advantage of as
to the goodness of the petition, unless it be such matter
as would be good on general demurrer.

It is therefore ruled that the want of profert in the
statement is no ground for dismissing the plaintiff's suit.
It is next objected that the cause was rightly dismissed
because the act authorising proceedings in the county
court requires that when a petition is filed there, for a debt
or demand, it must be accompanied with a copy of the ac-
count or note sued on which was not the case here.

There is nothing on the record which shews how that
matter was.   Whether the copy of the bond did accom-
pany the petition or not, is a fact *in pais*, and can only be
put on the record by a bill of exceptions.   But let this
matter be as it may, the record no where shews that this
matter was ever decided on by the court below, nor have
we any right to suppose it was ever brought to the view
of the court; and the party in his motion says the cause
ought to be dismissed because the plaintiff has mistaken
his remedy.   How the want of filing the bond with the
clerk or the want of sending a copy thereof with the pe-
tition can be understood to be a mistake of the remedy,
we cannot very well see.

We are of opinion that the circuit [court] did wrong
in dismissing the plaintiff's case.

The judgment is reversed, the cause is remanded to be
reinstated and tried.