THE STATE ex rel. MALIN, Collector, Plaintiff in Error, v. MERRIAM et al.

|159  655|
|f159 623|

### Division One, February 12, 1901.

Agreed Statement: WHAT IS: BILL OF EXCEPTIONS. A stipulation as to what the evidence is, commonly called an agreed statement of facts, does not constitute an "agreed case" under the statute or at common law. Such a stipulation does not become a part of the record proper by being filed with the clerk of the trial court, but constitutes matters of exceptions and can be made a part of the record only by a bill of exceptions. Nor does the fact that such stipulation stands in lieu of a verdict, and occupies the footing of a verdict, make it any the less necessary that it be made a part of the bill of exceptions if it is to be considered on appeal.

Error to Ozark Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED.

*A. H. Livingston* for plaintiff in error.

(1) An agreed case occupies the same footing as, and stands in lieu of, a special verdict. When filed it becomes a part of the record proper, and it is not therefore necessary to ask instructions, file motion for a new trial or save exceptions, to have judgment thereon reviewed in the appellate courts. All the facts necessary to a judgment and recovery are contained in the agreed statement in this case. There is no fact left out, no want of clearness, no uncertainty or ambiguity. The only question presented by the record is, was the judgment, as a matter of law, proper? Munford v. Wilson, 15

Mo. 372; Gage v. Gates, 62 Mo. 412; Carr v. Coal Co., 96 Mo. 149; Smith v. Railroad, 47 Mo. App. 546. The agreed statement stands precisely as if a jury had found a verdict in that form, and the court renders a judgment thereon as it would on such verdict. Appleman v. Sporting Goods Co., 64 Mo. App. 71; Mumford v. Wilson, and Smith v. Railroad, *supra.* It dispenses with proof, and the finding thereon is a mere conclusion of law. St. Charles v. Hackman, 133 Mo. 634. No declarations of law are necessary. Ford v. Cameron, 19 Mo. App. 467; St. Charles v. Hackman, 133 Mo. *supra.* Appellate courts will consider a case tried upon an agreed statement of facts as one in which a special verdict has been rendered, and will dispose of the same on appeal by rendering a judgment in accordance with the conclusions of law upon the facts stated. Land Co. v. Combs, 53 Mo. App. 298; Munford v. Wilson, 15 Mo. 372; Gage v. Gates, 62 Mo. 416. (2) While no bill of exceptions was filed, it can not be held that the error in this record can not be reviewed; because the agreed statement of facts takes the place of a special verdict, and a verdict either special or general, is a part of the record. Bateson v. Clark, 37 Mo. 34; Railroad v. Carlisle, 94 Mo. 166. Under the English practice an agreed case was not a part of the record, and hence a writ of error would not lie. But the practice in the United States is otherwise, because the agreed statement is generally regarded as a part of the record. United States v. Eliason, 16 Peters (U. S.), 34; Fraw v. Roberdeau, 3 Cranch (U. S.), 174; Tucker v. Oxley, 5 Cranch (U. S.), 34; Kennedy v. Brent, 6 Cranch (U. S.), 187; Graham v. Bayne, 18 Howard (U. S.), 60; Allen v. Bank, 120 Howard (U. S.), 20. It is not necessary to file a bill of exceptions. It is generally held that a motion for a new trial is not necessary, and it logically follows that a bill of exceptions is unnecessary. Brown v. Nott, 22 Ohio St. 149; Fisher v. Purdue,

48 Ind. 323; Martin v. Martin, 74 Ind. 207; Clayton v. Smith, 1 Colo. 95; Penn. Co. v. Niblack, 99 Ind. 149; Suydam v. Williamson, 20 How. (U. S.), 434; Railroad v. Wilder, 137 Mass. 537; Ottawa v. County, 12 Ill. 339.

*Wallace Pratt* and *W. J. Orr* for defendants in error.

We concede that an agreed statement of all the facts, within the rule announced in Munford v. Wilson, Gage v. Gates, and Ford v. Cameron, is to be treated as a special verdict. And we concede that a special verdict is a part of the record proper. But an agreed statement of facts within this rule is one that purports to, and does cover all the evidence that was relied on in the trial court, one that was actually used, and which the record shows was used in that court; and not an agreement simply admitting one or more of the propositions which might, or might not, arise on the trial, and which agreement is not mentioned or referred to in the record. Before such an agreement as the one relied on here could be considered by this court for any purpose, it must appear that it is a part of the record, made so either by bill of exceptions or referred to in the record proper as the sole evidence upon which this cause was submitted. The contrary appears from the face of the record. Instead of the judgment reciting, as is usual in such cases, that the cause was submitted to the court on an agreed statement of facts, it recites that "all and singular the matters in issue being submitted to and by the court seen, and the court, after hearing the evidence finds," etc. This judgment can not be impeached in this manner, and on the face of the record the judgment is for the right party and should be affirmed.

MARSHALL, J.—This is a suit to collect back taxes

Vol 159 mo—42

alleged to have been levied and assessed upon thirty-six different tracts of land in various townships and ranges in Ozark county, of which the defendants are alleged to be the owners, which taxes are averred to be one hundred and fifty-three dollars and sixty-four cents "for interest and sinking fund tax for the year 1895," and one hundred and forty-six dollars and fifty-seven cents for the same purpose for the year 1896, and judgment is prayed for this amount, with interest and costs. The petition alleges that the lands were returned delinquent by the collector and that the county clerk made out and delivered to the collector a back-tax book as provided by law, and that the lands described in the back-tax book remain unredeemed and the taxes unpaid.

The answer is a general denial, with an admission that the defendants own the land.

The transcript in the case before this court consists of the petition; a paper consisting of eight pages and purporting to be a certificate that the back-taxes on the property remain delinquent; the answer; a stipulation signed by the attorneys and filed in the cause, as follows: "It is hereby stipulated and agreed that the taxes on which this suit is based were levied for the purpose of creating a sinking fund for the payment of certain bonded indebtedness of Ozark county, Mo., issued in August, 1889, and an interest fund for the payment of the interest thereon, and said taxes constitute no part of the taxes levied for ordinary county expenses; that the county court of Ozark county did not prior to the levy of said taxes for either year, through the county attorney, or otherwise, ask for or receive from the circuit judge of the Twentieth judicial circuit, an order authorizing the levy of said taxes or any part thereof;" and the judgment, as follows: "Now on this day this cause coming on to be heard, the parties appear and announce ready for trial, and all and singular the matters in issue being submitted to and by the court seen, and the court, *after hearing the*

*evidence,* finds that the taxes for which this suit is brought are illegal and void and that plaintiff is not entitled to recover herein. It is therefore considered and adjudged that the lien for said taxes be set aside and for naught held and esteemed [description of land omitted]. It is further considered and adjudged that the plaintiff take nothing by its suit and that defendants recover their costs."

There was no bill of exceptions or motion for new trial filed, and no appeal taken, but the matter remained in this shape from the date of the judgment on August 12, 1897 until May 3, 1898, when this writ of error was sued out.

## I.

It is contended by plaintiff that the stipulation, herein set out, constitutes an agreed case or agreed statement of the case, and occupies the same footing as, and stands in lieu of, a special verdict; that it stands precisely as if a jury had found a verdict in that form; and that when filed it became a part of the record proper, and hence no bill of exceptions was necessary to make it a part of the record, and that as it is a part of the record proper no motion for a new trial was necessary, but that it is the duty of this court to examine the case so made, and if error is apparent on the face of the record proper, so constituted, to reverse the judgment below, and enter such judgment as the trial court ought to have entered.

It is manifest that this is not an agreed case within the meaning of section 793, Revised Statutes 1899, which authorizes parties to a question of difference, without action, to agree upon a case containing the facts upon which the controversy depends, and submit the same to a court of competent jurisdiction for decision. For such an agreed case is "without action," which means without filing a suit, having summons issued and the defendant brought into court against his will, followed by the usual steps in a suit.

It is clearly a suit regularly begun, issues made up, and to save the trouble of introducing testimony to support all or any of the questions at issue, the parties stipulate as to the existence or non-existence of the facts in issue. Such a stipulation is commonly called an agreed statement of facts, and does not constitute an agreed case under the statute or at common law.

The primary question in this case is whether such an agreed statement of facts becomes a part of the record proper by being filed with the clerk of the trial court, or whether it constitutes matters of exception which can only be made a part of the record by a bill of exceptions.

The exact question was decided by this court in Kennerly v. Merry, 11 Mo. 214, and NAPTON, J., disposed of the matter very briefly as follows: "This is a petition for dower in a lot in St. Louis. There is no bill of exceptions in the case, and no motion for a new trial. A statement of facts agreed on by the counsel is copied by the clerk in the record, but it is not made a part of the record by bill of exceptions. The judgment will therefore be affirmed." Thus as early as 1847 it was distinctly held that "a statement of facts agreed on by counsel" and "copied by the clerk in the record" is not a part of the record unless made so by a bill of exceptions. Such is the exact condition in this case. The decision cited has never been overruled. Many times since it has been said that such an agreed statement dispenses with proof of the facts therein stated. [St. Charles v. Hackman, 133 Mo. 634.] No declarations of law are necessary to secure a review of the case, but upon the agreed facts this court will apply the true law and enter such a judgment as the trial court ought to have entered. [St. Charles v. Hackman, 133 Mo. 634; Carr v. Lewis Coal Co., 96 Mo. 149; Gage v. Gates, 62 Mo. 412.] It has also been held that such an agreed statement of facts "occupies the same footing and stands in lieu of a special

State ex rel. v. Merriam.

verdict." [Carr v. Lewis Coal Co., 96 Mo. l. c. 155 ; Gage v. Gates, 62 Mo. 412 ; Munford v. Wilson, 15 Mo. 540.] But it has never been held since Kennerly v. Merry, *supra*, that the rule therein stated is not still the law, nor that such an agreed statement of facts becomes a part of the record proper by simply filing it with the clerk or by having the clerk copy it into the transcript nor that it can be made a part of the record in any other way than by a bill of exceptions. It is like any other agreement or stipulation of counsel and can only be made a part of the record by a bill of exceptions. [Eystra v. Capelle, 61 Mo. 578 ; State v. Batchelor, 15 Mo. 208.] Or like instructions which the clerk copies into a transcript, but which are not made a part of the record by a bill of exceptions. [State v. Shehane, 25 Mo. 565 ; Thompson v. Russell, 30 Mo. 498 ; Sturdivant v. Watkins, 47 Mo. 177.] Or like exhibits attached to a petition which are copied into a transcript without being made a part of the record by a bill of exceptions. [State ex rel. v. Eldridge, 65 Mo. 584 ; Kearney v. Woodson, 4 Mo. 114.] Or like a motion for execution against a stockholder. [Kohn v. Lucas, 17 Mo. App. 29.]

The statement of facts agreed upon by the counsel is not a part of the record proper and has not been made a part of the record by bill of exceptions, and it can not therefore be considered by this court. This leaves only errors apparent on the face of the record proper to be reviewed. The record proper consists of the petition, summons, and all subsequent pleadings (in this case the answer), including the verdict and judgment. [Bateson v. Clark, 37 Mo. l. c. 34 ; Railroad v. Carlisle, 94 Mo. l. c. 169.] The petition is in proper form, the answer is a general denial, and the judgment is that parties appeared, the court heard the evidence, and declared the taxes illegal and void, set aside the lien for the taxes on the land, and entered a decree that plaintiff take nothing by his suit, and that defend-

ants recover their costs.    No error is apparent on the face of this record, and nothing in the way of exception having been incorporated in the record, showing any error in the trial, the judgment of the trial court is affirmed.    All concur.