SMITH, Plaintiff in Error, v. SMITH, Defendant in Error.

### St. Louis Court of Appeals, April 4, 1905.

1. **PRACTICE: Agreed Statement.** Section 793, Revised Statutes of 1899, providing for an agreement and submission of a case without action, does not apply to a case begun in the usual manner where the issues are made up by petition and answer.

2. ———: ———: **Bill of Exceptions.** An agreed statement of facts by counsel in a case does not become a part of the record and can not be reviewed by the appellate court unless incorporated in a bill of exceptions.

Appeal from Mississippi Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*H. C. O'Bryan* for plaintiff in error.

*Russell & Deal* for defendant in error.

### STATEMENT.

We copy the statement of the case verbatim as given in the brief for plaintiff in error:

"This is an action brought by plaintiff in error as the administratrix of the estate of James Smith, Sr., deceased, on a note, which note is in words and figures as follows, to-wit:

" '$500.        Charleston, Mo., January 1st, 1901.

" 'Twelve months after date I promise to pay to the order of James Smith, Sr., Five Hundred Dollars, for rent on farm, negotiable and payable without defalcation or discount and with interest from maturity at rate of 8 per cent per annum, and if interest be not paid annually to become as principal and bear the same rate of interest.

" 'JAMES W. SMITH.'

"On the back of which is endorsed the following credit:

" 'June 28th, 1902, ($200) received within note Two Hundred Dollars.

" 'J. SMITH.'

"The petition is in the usual form.

"The answer, omitting caption, is as follows:

" 'Now comes defendant and for answer to plaintiff's petition herein he admits that James Smith, Sr., departed this life on the ——October, 1902, and that plaintiff is duly appointed administratrix. Further answering, defendant being sworn, on his oath denies that on January 1st, 1901, he contracted or agreed by promissory note to pay James Smith five hundred dollars for rent of farm or for any other consideration whatever, and asks judgment.

" 'Further answering, defendant says that on January 1st, 1902, he rented from James Smith his farm of about two hundred and fifty acres of cleared land west of Charleston for the year 1902, for the sum of five hundred dollars rent, due and payable twelve months thereafter; that on January 1st, 1902, he executed and delivered to said James Smith, Sr., his note for five hundred dollars, for the rent of said farm for said year 1902, but that by mistake and oversight said note was wrong-

fully dated 1901 when it should be 1902; that on June 26th, 1902, he paid two hundred dollars on said debt to said James Smith, Sr., before its maturity, out of wheat raised on the farm; that James Smith, Sr., died in October, 1902, and that said rent note did not accrue or become due till after the death of said James Smith, Sr., and that said rent belongs to the heirs and not to the administratrix of said James Smith, Sr., wherefore he asks judgment.

" 'Further answering, defendant says that at the special instance and request of said James Smith, Sr., he performed labor, furnished lumber, brick, lime, paper, paint and other material in making valuable and necessary repairs on the farm, of the value of one hundred and fifty dollars, which is due him and unpaid for which he asks judgment.' "

The answer was verified.

'The following stipulation, signed by counsel, agreeing on the facts, was filed.

" 'A stipulation of facts in case of Smith v. Smith.

" 'James Smith died in October, 1902.

" 'Elizabeth Smith is his widow without children, and administratrix of his estate.

" 'The note has a mistake in date; should be 1902 instead of 1901.

" 'The note is for rent on wheat and corn land for year 1902; fell due after his death; note has payment of $200.

" 'The personal estate in the administratrix's hands is insufficient to pay debts and widow's allowance and absolute property.

" 'All personal property will go to widow as absolute allowance.

" 'Further agreed that one-third of the note, if not personal assets for administratrix to handle, would belong to plaintiff as dower.

" 'Administratrix not to take real estate.' "

The case was submitted to the court for decision

on this stipulation and note, and thereupon plaintiff asked a peremptory instruction, which was refused, and the court decided for the defendant, to which decision plaintiff excepted, and on the same day plaintiff filed her motion for new trial, which is in words and figures as follows, omitting caption:

" 'Plaintiff comes now and moves the court to set aside the judgment and grant her a new trial, because the finding and judgment is against the law on the stipulation and evidence. The court erred in refusing a peremptory instruction for plaintiff. She therefore prays a new trial."

There was a bill of exceptions prepared, calling for the submission of the cause on the stipulation, note and peremptory instructions; also for the file and overruling motion for new trial, which was presented to the court, which was signed and allowed and filed when the motion for new trial was overruled, but the clerk has not got the paper, but plaintiff relied upon it having been filed.

Counsel for defendant in error deny that a bill of exceptions was ever presented to or signed by the trial judge or presented to or filed with the clerk of the circuit court. The record before us fails to show that the bill was ever filed or made a part of the record. Let that be as it may, however, there is no bill of exceptions here. The record proper only is before this court and nothing more.

NORTONI, J. (after stating the facts).—Counsel for plaintiff in error contends that inasmuch as the agreed statement of facts, together with the note sued on, was all the evidence introduced; that such agreed statement was reduced to writing and filed in the cause and in the form of a stipulation, copied into the record by the clerk and appears in the transcript here, thereby became and is a part of the record and is a proper matter to review in this court on the writ of error.

The note sued on does not appear. We cannot agree with counsel in this contention. This case certainly cannot come within the purview of section 793, R. S. 1899, which provides that "parties to a question in difference which might be the subject of a civil action may, without action, agree upon a case containing the facts, "etc., and submit the same to a court of competent jurisdiction. For in the case at bar, it was a case where action was commenced by petition, answer was interposed and issues made up in the usual manner. That section contemplates a case where, without action, the parties came into court and submit their controversy in an agreed form. This is a suit begun in the regular manner, the issues made up and, for convenience, the facts were agreed upon and submitted. In such cases it has been held from an early date in this State that such agreed statement of facts constitutes matter of exception.

In Kennerly v. Merry, 11 Mo. 214, Judge NAPTON said: "A statement of facts agreed on by counsel is copied by the clerk in the record, but it is not made a part of the record by bill of exceptions. The judgment will therefore be affirmed." That case has been followed by our Supreme Court. The most recent approval of its doctrine is to be found in State ex rel. Malin v. Merriam, 159 Mo. 655, 60 S. W. 1112.

The stipulation or agreement of counsel in a case does not become a part of the record unless made so by bill of exceptions. Eystra et al. v. Capelle, 61 Mo. 578. It does not follow that every motion, stipulation or paper copied by the clerk into the record becomes a part of the record. State v. Wall, 15 Mo. 208; State v. Batchelor, 15 Mo. 207.

"A clerk cannot make anything a record which he pleases to write in the order book or sees fit to copy into the record." U. S. v. Gamble, 10 Mo. 457. State ex rel. v. Merriam, supra.

"The statement of facts agreed upon by the counsel is not a part of the record proper and has not been made

a part of the record by a bill of exceptions, and cannot therefore be considered by this court." State ex rel. v. Merriam, 159 Mo. 655, 60 S. W. 1112.

There is nothing here for review other than the errors appearing on the face of the record proper. State ex rel. v. Merriam, supra; Newton v. Newton, 162 Mo. 173, 61 S. W. 881; Pepperdine v. Hymes, 92 Mo. App. 464. Although no assignments of error are made against the record proper, we have examined the same and find no error therein.

For the reason stated, the judgment is affirmed. All concur.