JEREMIAH FRUIN et al. v. MAGGIE O'MALLEY
et al., Appellants.

**Division Two, March 21, 1912.**

1. **APPEAL: Agreed Statement: Matter of Exception.** Agreed
statements of facts, in cases instituted by petitions, are mere
matters of evidence, and do not become a part of the record
unless incorporated in a bill of exceptions.

2. ————: **Exceptions: Separate Finding of Facts.** Under the
statute (Sec. 1972, R. S. 1909) both the special findings of
facts and conclusions of law should be entirely separate from
the judgment, in order that the party excepting to such finding
may except to the "decision of the court on the conclusions
of law or equity arising in the case," which means that such
exceptions to the court's conclusions of law shall be saved as
may be properly included in a bill of exceptions.   The law
does not contemplate that exceptions shall be written into the
record proper.

3. ————: ————: **No Bill of Exceptions.** In an action at law,
where there was a special finding of facts, which is not made
a part of the judgment, and no bill of exceptions was filed,
there is nothing for review on appeal but the record proper,
and a separate finding of facts is not a part of the record
proper; and if the judgment is legally sufficient within itself,
and the petition legally sufficient to support the judgment,
that judgment will be affirmed.   But if there is an error on
the face of the judgment, that error will be corrected.

4. ——: **Correcting Judgment: Wrong Rate of Interest.** Where the judgment in a case to foreclose a lien for special taxbills issued in payment of a street improvement in St. Louis, on its face shows that it bears interest from the date of its rendition at eight per cent, that judgment will, though there is no bill of exceptions, be so corrected as to make it bear six per cent interest.

Appeal from St. Louis City Circuit Court—*Hon. D. G. Taylor,* Judge.

AFFIRMED (*as modified*).

*Frank C. O'Malley* for appellants.

*George D. Harris* for respondents.

BROWN, J.—Action at law to foreclose lien for special taxbills issued for street improvements. From a judgment of the circuit court of St. Louis City awarding to plaintiffs a lien as prayed in their petition, defendants appeal.

In seeking a reversal of the judgment of the trial court, the defendants attack not only the validity of the contract under which the improvements were made, but also the constitutionality of certain parts of the charter of St. Louis City authorizing and regulating the improvement of streets and the issue of special taxbills for such improvements.

Before considering the alleged invalidity of the taxbills, which defendants' resourceful attorneys have presented with much learning and industry, we must first determine whether or not the errors, if any, committed by the trial court have been brought here in such manner as to authorize a review by an appellate court.

The appellants have filed in this court what they term a printed abstract of the record, which embraces the petition, answer, reply, a special finding of facts by the trial court, the judgment, orders showing the

filing of a motion for a new trial, the overruling of same, and the granting of an appeal.

No bill of exceptions was filed. The motion for new trial is not included in the record; and the finding of facts is not a part of the judgment. That is, the judgment is complete without reference to the finding of facts; and there are no conclusions of law, unless we shall say that the judgment itself is a conclusion of law in that it declares that the plaintiffs are entitled to recover.

Respondents have also filed in this court what they term an "Additional Abstract of the Record," which is simply a printed copy of a stipulation entered into in the trial court agreeing upon certain matters of evidence to be considered by said trial court in ascertaining the facts in dispute and rendering its judgment.

Appellants have objected to this "additional abstract," on the ground that it was filed out of time. Regardless of when it was filed, it is clear that it has no place in this appeal. Agreed statements of fact in cases instituted by petitions are mere matters of evidence, and never become a part of the record, unless incorporated in a bill of exceptions; which was not done in this case. [State ex rel. v. Merriam, 159 Mo. 655; Smith v. Smith, 111 Mo. App. 683.]

The second point for our consideration is whether or not we can, without a motion for a new trial or bill of exceptions in the record, consider and review the alleged errors in the trial court's conclusions of law.

This point is not altogether free from difficulty. This court in an action at law has announced the doctrine that when a trial court makes its finding of facts a part of its judgment, such finding thereby becomes a part of the record proper; and may be reviewed on appeal without a bill of exceptions. [Snuffer v. Karr, 197 Mo. 182.] The Kansas City Court of Appeals has held that when a finding of facts is made, it becomes

a part of the record proper, and the judgment may be considered as the court's conclusions of law, and reversed, if it is not properly supported by the finding of facts. [Nichols v. Carter, 49 Mo. App. 401.] In a later case by the same court, it was held that a special finding of facts could only be made a part of the record by a bill of exceptions. [State ex rel. v. Lusk, 93 Mo. App. 680.] It is undoubtedly true that the judgment and all necessary recitals therein are matters of record proper, the same as the petition, answer and reply. If a judgment is not supported by a sufficient petition, it may be reversed on appeal, without any bill of exceptions. It is necessary for judgments to contain general findings of fact, and the judgment must follow those findings. For example, a judgment in favor of a plaintiff for one thousand dollars would be properly supported by a general finding of the court that the defendant was indebted to plaintiff in that sum; but in an ordinary action for debt, a general finding that defendant was indebted to plaintiff in the sum of one thousand dollars, would not support or authorize a judgment for two thousand dollars; and on appeal, such latter judgment would have to be reversed or modified, even though no bill of exceptions was filed.

Section 1972, Revised Statutes 1909, provides that: "Upon the trial of a question of fact by the court, it shall not be necessary for the court to state its finding, except generaly, unless one of the parties thereto request it *with the view of excepting to the decision of the court upon the questions of law or equity arising in the case,* in which case the court shall state in writing the conclusions of facts found separately from the conclusions of law."

It is manifest that the foregoing section contemplates that when so requested, a statement or conclusion of the facts proven in the case, and the court's conclusions of law, as applied to such facts, shall be

written up and filed by the trial court. This statement of law and facts has no connection with the general findings which are usually recited in the judgment itself. Both the special finding of facts and conclusions of law should be entirely separate from the judgment, to the end that the party requesting such finding may except to the "decision of the court on the conclusions of law or equity arising in the case." This statute clearly means that such exceptions to the court's conclusion of law shall be saved as may be properly included in a bill of exceptions. The law never contemplates that exceptions shall be written into the record proper.

In actions at law, where the trial court makes a special finding of facts and both parties acquiesce in such finding by neglecting to except to the same as being contrary to or unsupported by the evidence, there is no reason why the losing party by excepting to the conclusions of law, as announced on and applied to such finding of facts, should not be allowed to have the errors in such conclusions of law reviewed by an appellate court, if he preserves his exceptions to such conclusions of law by a proper bill; and this he may do without bringing up the evidence on which such finding of facts is based.

A finding of facts in actions in equity stands upon an entirely different footing; for in that class of cases we may retry the whole case *de novo*, and disregard entirely the finding of facts and conclusions of law. [Fitzpatrick v. Weber, 168 Mo. 562.]

The case at bar is an action at law. The special finding of facts by the trial court was not a part of the judgment. This is disclosed by the action of the appellant in filing in this court a copy of the judgment which is legally sufficient within itself, and nowhere refers to the finding of facts. The defendants have not by bill of exceptions brought to our attention any errors of the trial court in the admission or exclusion

of evidence; nor in its conclusions or declarations of law. In fact, it seems no declarations or conclusions of law were given or made by the court or requested by either party. The petition is legally sufficient to support the judgment; and with the record in this condition, there is nothing for us to do except affirm the judgment of the trial court. It is so ordered. *Ferriss, P. J.,* and *Kennish, J.,* concur.

PER CURIAM.—The appellants, by motion for rehearing, call our attention to the fact that the judgment of the trial court in this cause entered on May 21, 1908, in favor of the plaintiffs for the sum of $1377.88, bears interest from the date of its rendition at eight per cent per annum.

This is an error on the face of the record proper; and we have jurisdiction to correct the same, even in the absence of a bill of exceptions.

The judgment of the trial court will be modified here, so that it will bear interest at the rate of six per cent per annum, from May 21, 1908; and as modified, said judgment is affirmed. [Sec. 2983, R. S. 1909; Gilsonite Roofing & Paving Company v. St. Louis Fair Association, 231 Mo. 589; City of Boonville v. Stephens, 238 Mo. 339.]