STATE OF MISSOURI at the Relation of VANE C. THURLO, Prosecuting Attorney of Linn County, v. IOLA HARPER ET AL., Appellants.— 80 S. W. (2d) 849.

Court en Banc, March 18, 1935.

*Erroll Joyce* and *H. K. West* for Iola Harper, Gladys Sevier, Naomi Richards and Wesley Harper.

*Lon R. Owen* for Carl Rauer, O. P. Haney, Spencer Sportsman and William Gaw.

COLES, J.—This is a *quo warranto* proceeding filed in the Circuit Court of Linn County, Missouri, by the prosecuting attorney of that county as relator and tried on change of venue in the Circuit Court of Macon County, Missouri. The suit was instituted to determine who were the legally qualified directors of the St. Catherine School

District in Linn County which is shown to have been a town school district organized and existing under and by virtue of Article IV of Chapter 57, Revised Statutes of Missouri, 1929. It appears that at the time of the institution of this proceeding two different and distinct groups of persons were assuming to act as directors of the school district in question and that the respective groups were maintaining separate schools with separate sets of teachers. The information in *quo warranto* was exhibited against eleven named respondents who comprised the members of both groups. The record shows that all the respondents named in the information, except Naomi Richards, filed returns thereto. For convenience we will refer to the respective groups as the "Rauer board" and the "Harwood board." The "Rauer board" consisted of Carl Rauer, acting president, and William Gaw, William Langwell, Spencer Sportsman and O. P. Haney as the other members. The "Harwood board" consisted of A. H. Harwood, acting as president, Iola Harper, Naomi Richards, Wesley Harper, Gladys Sevier and Albert Lewis as the other members.

Upon the trial below it was stipulated by the respective parties that prior to the annual election in April, 1934, the board of directors of the school district here in question consisted of A. H. Harwood, William Gaw, William Langwell, Gladys Sevier, Iola Harper and O. P. Haney. That at the annual election in April, 1934, it was the duty and province of the electorate of the school district in question to elect successors for the following directors: O. P. Haney, Iola Harper and Gladys Sevier; that the electorate of said school district met at its annual meeting on April 3, 1934, and that a printed form of ballot was used, and "that the following named persons received the following designated votes at said election, to-wit: Carl Rauer, 42 votes; O. P. Haney, 42 votes; Spencer Sportsman, 50 votes; Iola Harper, 23 votes; Gladys Sevier, 22 votes; Naomi Richards, 29 votes." The stipulation above mentioned, which was submitted in evidence in the trial court, further stated that at the annual school election on April 3, 1934, "a printed form of ballot was used (the ballot marked Exhibit 'A' being a copy of the ballot used)." The "printed form of ballot" marked "Exhibit A" is not set forth in the record proper or in the exception record. Nor does it appear from the bill of exceptions that this "ballot marked Exhibit 'A'" was submitted in evidence in the trial court or otherwise brought to the attention of that court. The respondents' brief sets forth what purports to be the form of ballot used at the school election in question, but as there is nothing in the record to support respondents' statement as to the form of the printed ballot, we are of the opinion that the form of printed ballot used at the election mentioned is not properly before this court for consideration. [State ex rel. Malin v. Merriam, 159 Mo. 655, 60 S. W. 1112; Fruin v. O'Malley, 241 Mo. 250, 145 S. W. 437; Perringer v. Raub, 300 Mo. 535, 254 S. W. 703.]

After hearing 'the evidence, the trial court entered a judgment and decree finding that the school district election "held on April 3d, 1934 was a valid and legal election and that the legally constituted board of said school district is on this date composed of A. H. Harwood, William Gaw, William Langwell, Carl Rauer, Spencer Sportsman and O. P. Haney;" and dismissed the *quo warranto* proceedings as to them and granted a writ of ouster as to Gladys Sevier, Wesley Harper, Iola Harper and Naomi Richards. It is conceded by the parties that the respondent Albert Lewis was at the time of the trial below a nonresident of the school district in question and neither had, nor claimed, any right to the office of school director of said district and that the writ of ouster granted as to him is not challenged here. The appellants Iola Harper, Wesley Harper, Gladys Sevier and Naomi Richards were duly granted an appeal to this court from the judgment and decree entered by the trial court.

The evidence submitted in the trial court shows that after the annual election held on April 3, 1934, a notice was given of a proposed meeting of the school directors to be held at the schoolhouse on April 4, 1934; that this meeting was postponed until April 5, 1934, at eight P. M.; that on April 5th about eight P. M., A. H. Harwood, William Langwell, Gladys Sevier, Iola Harper, Carl Rauer and Spencer Sportsman were present at the schoolhouse; that Mr. Harwood, who was president of the board, refused to swear in Mr. Rauer as director saying, "he wasn't elected;" that Mr. Sportsman requested Mr. Harwood to swear him in as director and that he refused to do so, or according to the version of another witness Mr. Sportsman declined to take the oath at that time; that Mr. Langwell, Mr. Sportsman and Mr. Rauer went "outside" and did not participate further in the meeting; that thereupon Mrs. Naomi Richards was called from the basement of the building and appointed a director by the joint action of Mr. Harwood, Mrs. Sevier and Mrs. Harper in the place of Mr. Sportsman who, it was claimed by the Harwood faction had "refused to serve;" that thereafter on May 5, 1934, the "Harwood board" assumed to appoint Wesley Harper a member of that board in the place of William Gaw to fill an alleged "vacancy resulting from the abandonment and refusal of William Gaw to act." The foregoing are the general facts in reference to the constitution of the so-called "Harwood board," but there are some other facts relating to the matter which will be mentioned later.

The evidence further shows that William Gaw and O. P. Haney went to the St. Catherine schoolhouse on April 5, 1934, at or after nine P. M. on that evening with a view to attending the meeting of the school directors called for that evening; that upon their arrival they "heard" that there had been a meeting before they got there and that "the people had left." The evidence shows that after Gaw and

Haney arrived at the schoolhouse on that evening, Langwell, Rauer and Sportsman were present there and that Harwood, Mrs. Sevier, Mrs. Harper and Mrs. Richards were not there. The evidence further shows that Gaw, the district clerk, on that evening administered the oath of office as school director to Rauer, Sportsman and Haney.

It also appears from the evidence that a meeting of persons claiming to be directors of the St. Catherine School District was called to meet at the schoolhouse on April 7, 1934; that Harwood, Gaw, Langwell, Haney, Rauer, Sportsman, Mrs. Sevier, Mrs. Richards and Mrs. Harper attended. The evidence tends to show that Mr. Harwood called this meeting to order and that Mr. Rauer was elected president. But there is evidence tending to show that Mr. Harwood and some of his faction left the meeting before Mr. Rauer was elected president. After this meeting of April 7th the "Harwood board" and the "Rauer board" both assumed to act separately and independently. The "Rauer board" maintained the old school and the "Harwood board" another school.

It is conceded that prior to the annual election of April, 1934, Gladys Sevier was a member of the board of directors of the school district here in question having been appointed as such by the board in August, 1933, to fill a vacancy. It is further conceded that Iola Harper was a member of the board prior to the same election having been appointed a member in September, 1933, to fill a vacancy. The evidence shows that O. P. Haney had been elected a member of the board prior to the annual election of April, 1934, and that the term for which he was elected expired at the date of such annual election. It is also conceded that at the annual election of April, 1934, three directors were to be elected to succeed Mrs. Sevier, Mrs. Harper and Mr. Haney and that at such election two directors were to be elected for three-year terms and one for a one-year term. We have previously stated the candidates for whom votes were cast in the election and the number of votes received by each candidate. The stipulation in evidence shows that the candidates who received the greatest number of votes were Sportsman, 50 votes, Rauer, 42 votes and Haney, 42 votes. There is no evidence in the record showing affirmatively that any candidate received any vote or votes for any particular term of service. The stipulation in evidence is the only evidence which shows completely and comprehensively the votes received by all the candidates for whom votes were cast. This stipulation merely states the number of votes cast for each candidate but does not state that any candidate received any vote or votes for any specified term of service.

The judgment of the trial court, among other things, ousted the appellants Iola Harper, Wesley Harper, Gladys Sevier and Naomi

Richards as directors of the St. Catherine School District and as they alone have prosecuted an appeal from the judgment below we shall first consider whether the judgment of the trial court was a proper one in so far as it granted a writ of ouster as to these appellants. The appellants Iola Harper and Gladys Sevier allege in their respective returns that they were respectively appointed members of the board of directors of the St. Catherine School District in 1933 and that they respectively still claim to be directors for the reason that their respective successors "were never duly elected and qualified." The appellant Wesley Harper alleges in his return that he holds the office of director of the St. Catherine School District by virtue of an appointment to said office made "by the duly qualified and acting school directorate on the 5th day of May, 1934." As previously stated the record does not show that the appellant Naomi Richards filed a return to the information in *quo warranto* exhibited in this cause. The appellants Iola Harper and Wesley Harper also allege that they respectively hold office as school directors by virtue of appointments made by the county superintendent of schools of Linn County, but as there is no evidence whatever to sustain these allegations this aspect of the matter need not be discussed.

The issues indicated in the preceding paragraph must be determined by recourse to the relevant provisions of our Constitution and statutes. The article of our statutes applicable to "town schools" provides: That upon the original organization of town school districts six directors shall be elected—two for three years, two for two years, and two for one year. [R. S. 1929, sec. 9326.] That "the government and control of such town or city school district shall be vested in a board of education of six members, who shall hold their office for three years and until their successors are duly elected and qualified, and any vacancy occurring in said board shall be filled in the same manner and with like effect as vacancies occurring in boards of other school districts are required to be filled, and the person appointed shall hold office till the next annual meeting, when a director shall be elected for the unexpired term." [Sec. 9327.] That there shall be an annual meeting of the qualified voters of town school districts on the first Tuesday of April to elect school directors who shall hold "office for three years and until their successors are duly elected and qualified and all vacancies in the board shall be filled for the unexpired term." [Secs. 9328, 9329.] The article of our statutes applicable to "common schools," in Section 9290 thereof, provides: "If a vacancy occur in the office of director, by death, resignation, refusal to serve, repeated neglect of duty or removal from the district, the remaining directors shall, before transacting any official business, appoint some suitable person to fill such vacancy; but should they be unable to agree, or should there be more than one vacancy at

any one time, the county superintendent of public schools shall, upon notice of such vacancy or vacancies being filed with him in writing, immediately fill the same by appointment, and notify said person or persons in writing of such appointment; and the person or persons appointed under the provisions of this section shall comply with the requirements of Section 9288, and shall serve until the next annual school meeting." The Constitution of Missouri provides: "In the absence of any contrary provision, all officers now or hereafter elected or appointed, subject to the right of resignation, shall hold office during their official terms, and until their successors shall be duly elected or appointed and qualified." [Art. XIV., Sec. 5.]

From a consideration of all the foregoing provisions of our Constitution and statutes we think it plain that in the case of directors of town school districts, a director who is *elected* is entitled to hold office for the term for which he is elected and until his successor is duly elected and qualified while a director who is *appointed* to fill a vacancy in the board is limited to a term of office which expires at the "next annual meeting." This conclusion results from the express language of the applicable statutes which leave nothing to any process of construction. [Secs. 9327 and 9290.] The section of our Constitution previously mentioned which provides that "in the absence of any contrary provision" elected and appointed officers shall hold office during their official terms and until their successors shall be duly elected and qualified is not applicable to the office of appointed town school directors for in the case of these officers there is an express and specific contrary provision which limits their tenure of office until the next annual school meeting which the statute provides shall be held "annually on the first Tuesday of April."

The foregoing considerations lead us to conclude that the term of office of Gladys Sevier, and Iola Harper who were respectively appointed school directors in August and September, 1933, to fill vacancies then existing in the board, terminated on April 3, 1934, the date of the annual school meeting for that year and that there is no legal basis for their contention that they remained members of the board after that date. This conclusion results from the fact that the term of office of Gladys Sevier and Iola Harper as fixed by law expired on April 3, 1934, and is in no way dependent upon the legal validity or results of the election of school directors held on that day.

The evidence makes it clear that the other appellants Naomi Richards and Wesley Harper were not legally qualified directors of St. Catherine School District. The evidence shows that Mr. Harwood, Mrs. Sevier and Mrs. Harper purporting to act as the board of directors of St. Catherine School District assumed to appoint Naomi Richards as a director to fill a vacancy on April 5, 1934. Even if the three persons named were at the time legally qualified members of the

board the purported appointment would not have been valid as the presence of a quorum of the board was necessary to make a valid appointment and a quorum was not present at the time of the purported appointment. [R. S. 1929, sec. 9329.] But as already stated, neither Mrs. Sevier nor Mrs. Harper were legally qualified directors on April 5, 1934, and hence only one qualified director, Mr. Harwood, gave his sanction to the purported appointment and it follows that there is no valid basis whatever for the contention that Naomi Richards was a legally qualified director. The appellant, Wesley Harper, claims to have been appointed a director by the so-called "Harwood board" on May 5, 1934, to fill an alleged vacancy in the board. But as this so-called board never had more than one legally qualified school director it is clear that the purported appointment of Mr. Harper was a mere nullity.

We have already stated that the trial court rendered a judgment ousting the appellants Gladys Sevier, Iola Harper, Wesley Harper and Naomi Richards from acting or attempting to act as school directors of the St. Catherine School District. Only the appellants named have prosecuted an appeal from the judgment of the trial court. The judgment below also found that certain other respondents in the trial court constituted the legally elected and duly qualified board of directors of the St. Catherine School District and dismissed the *quo warranto* proceedings as to them. The *quo warranto* proceeding was instituted by the prosecuting attorney of Linn County in his official capacity and he has prosecuted no appeal from the judgment of the trial court. The appellants, we think, were properly ousted from acting or attempting to act as school district directors and under the facts presented here we are of opinion that they have no standing in this court to question the propriety of the judgment of the trial court in dismissing the *quo warranto* proceedings as to the other respondents below. [People v. Barber (Ill.), 124 N. E. 594.]

We find no grounds for disturbing the judgment of the trial court and it will be affirmed. It is so ordered. All concur.