NATHAN DIX, Respondent, v. GERMAN INSURANCE COMPANY OF QUINCY, ILLINOIS, Defendant; A. T. CORNETT *et al.*, Interpleaders, Appellants.

St. Louis Court of Appeals, January 21, 1896.

1. **Practice, Appellate:** PAPERS NOT TREATED AS PART OF RECORD PROPER. Neither an exhibit attached to the petition, nor a memorandum made by the trial court to disclose its views of the law and facts, is a part of the record proper; accordingly, neither will be considered on appeal in the absence of a bill of exceptions.

2. **Pleading:** ANSWER: MATTER NOT ADMITTED BY FAILURE TO REPLY. Allegations of fact in an answer, which have no tendency to overcome the cause of action pleaded by the petition, do not constitute new matter requiring a reply; nor is the statement in an answer of a conclusion of law, as distinguished from matter of fact, admitted by the failure of the plaintiff to reply.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*W. W. Fry* for appellants.

*Geo. Robertson* for respondent.

ROMBAUER, P. J.—There is no bill of exceptions in this case, and we are remitted for the review of errors to the record proper. The record proper, as was decided in *Bateson v. Clark*, 37 Mo. 31, is the petition, summons, and all subsequent pleadings, including the verdict and judgment. This definition is a little too broad in one sense, as it has been frequently decided that a written motion, although in one sense a pleading, is in no sense a part of the record proper (*Kohn v. Lucas*, 17 Mo. App. 29, 30, and cases cited);

and somewhat too narrow in another sense, since all orders emanating from the court and entered upon its records are part of the record proper, although not included in the above definition. All the cases, however, concur in holding, that an exhibit filed with a pleading is no part of the record proper; neither is the memorandum of the judge, indicating his views of the law and facts, a part of the record, unless made so by bill of exceptions, in which event it may be resorted to by the appellate court for the purpose of ascertaining the views of the law the trial court entertained as applicable to the facts shown by the evidence, and occasionally has been so referred to, in the absence of declarations of law asked by either party, where exceptions were properly saved.

We make these preliminary remarks, because the parties differ in their views as to the contents of the record proper. The case is in many respects peculiar. The plaintiff sues for a fire loss of $400. His petition states that the policy was taken out by his late wife on a dwelling house, and contained a provision that, in case of her death, the policy should continue in force, and the loss, if any, be payable *to the one entitled under the law to said dwelling house;* that his wife died before loss, whereupon he as tenant by the curtesy became entitled to the property insured, and hence to the benefit of the contract of insurance. The answer of the defendant company does not set out the terms of the policy, but among other defenses sets up a defect of parties plaintiff in this, that the plaintiff *was not the sole heir of the assured* but that the appellants herein claim the property as heirs in law of the assured. The answer prays that they be made parties to the suit. The court thereupon made an order making them parties to the suit, and they filled their answer. This answer also fails to set out the terms of the policy, but avers that it

was issued to their mother, and that the defendant company, admitting its liability to someone for the loss, has paid $350 into court. The answer then concludes: "Defendants further state that said insurance policy is a contract with said Mary W. Dix alone, contracting to pay her personally $400, if said building in said policy should be destroyed by fire within the year specified therein; that, said loss having occurred after the death of said Mary W. Dix, intestate, and these defendants being her only surviving children and heirs, there being no administration on her estate, and there being no administrator of the estate of said Mary W. Dix, these defendants alone are entitled to the proceeds of said insurance policy, and plaintiff has no interest in the same, and is not entitled to any part of the same." The answer concludes with a prayer that the court may award to them the proceeds paid into court.

The court awarded the fund to the plaintiff. Its decree is likewise silent as to the terms of the policy. It recites that Mary W. Dix insured the dwelling house in her lifetime in the sum of $400; that it was destroyed after her death; that the plaintiff was the husband of the assured and had a curtesy interest in the land, and that the *interpleaders* are the sole surviving children of the assured; that the defendant company paid the amount of the loss into court; that the plaintiff subsequently rebuilt the house at a cost exceeding $400.

The appellants claim that this decree is erroneous upon the facts conceded by the record. This claim is not tenable. Conceding that the allegations of the plaintiff's petition are true, namely, that the *loss* was payable *to the one entitled under the law to the dwelling house*, he was clearly the person entitled to recover, because he was entitled to said dwelling house as tenant by the curtesy. There is nothing to show that the allegations of the plaintiff's petition are untrue, as the

evidence offered, including the policy sued upon, is not before us.

Nor can the appellants derive any advantage from the fact that their answer was not replied to. The answer set out no new matter which required a reply. The fact that the appellants are the surviving children of the assured and her heirs, and that no administration has been taken out on the estate of the assured, even if true, does not lead to the conclusion that they are entitled to recover upon the policy. The last part of the answer is not the statement of a fact but a conclusion of law, and hence is not admitted by a failure to reply. Even if the contract of their mother were a personal one on which her representative could proceed for a loss happening after her death, yet the position of the appellants would not be bettered, since they are not, under the allegation of the answer, *the personal representatives of the deceased.*

The court in its decree seemed to have laid some stress upon the fact that the plaintiff had rebuilt the house at his own expense. This fact was wholly immaterial. The plaintiff as life tenant was under no obligation to restore the house, unless it was destroyed by the negligence of himself or his servants. The fact that he restored the house gave him no better claim on the insurance money, but it has a tendency to show that the appellants as reversioners suffered no loss by the fire, and that, as between them and the plaintiff, he was the only one who suffered substantial loss thereby.

All the judges concurring, the judgment is affirmed. Judge BOND concurs in the result only.