STATE OF MISSOURI, Respondent, v. WOODRING,
Appellant.

St. Louis Court of Appeals, February 23, 1909.

APPELLATE PRACTICE: Record Proper: Recitals in Bill of Exceptions. The fact that a motion for new trial was filed and overruled must appear in the record proper; a recital to that effect in the bill of exceptions is insufficient to permit the appellate court to review errors assigned on the merits.

Appeal from Oregon Circuit Court.—*Hon. W. N. Evans*, Judge.

AFFIRMED.

*George M. Miley* for appellant.

NORTONI, J.—The defendant was convicted in the circuit court of Oregon county on a charge of having sold intoxicating liquors in violation of the Local Option Law alleged to have been theretofore adopted in that county. He prosecutes his appeal to this court and complains only of the insufficiency of the evidence introduced tending to prove the adoption of the Local Option Law. The case is here on full transcript. Upon an investigation thereof, there does not appear in the transcript of the record proper to be an entry showing that a motion for new trial was either filed or overruled in the cause. There is a recital, however, in the bill of exceptions to the effect that such motion was filed and overruled. Of course we all understand an appellate court is not permitted to review matters of exception or touching the merits of the cause at the trial unless the matters were first brought to the attention of the trial court by a motion for new trial. [State v. Burdett, 145 Mo. 647.] Although the fact that a motion for new trial was filed and overruled appears by a recital to that effect in the bill of excep-

tions, such of itself is not sufficient to permit an appellate court to review the same. The motion itself, and an exception to the action of the court in overruling the same, are properly exemplified in the bill of exceptions; but the bill is not a proper repository for matters which should appear on the face of the record proper. [Crossland v. Admire, 149 Mo. 650; Western Storage Co. v. Glasner, 150 Mo. 426.] Our statute requires the matters of filing and overruling of a motion for new trial to be entered of record. The fact of its having been filed and the fact that such motion was overruled, are therefore matters of record, as distinguished from matters of exception, and for that reason, these facts must be exemplified in the appellate court in the transcript of the record *aliunde* the bill of exceptions. In other words, the filing of such motions and the action of the court thereon must appear from the record of the court, and when an appeal is prosecuted, must be exemplified in the appellate court in the transcript of that record, as distinguished from the bill of exceptions. [Harding v. Bedoll, 202 Mo. 625; McCormick v. Crawford, 98 Mo. App. 319; Kirk v. Kane, 97 Mo. App. 556.] Nothing appearing in the transcript of the court's record to indicate that a motion for new trial was filed or overruled, we are not permitted to review matters touching the merits of the cause presented in appellant's brief.

The statute imposes the duty, however, upon the court, in a criminal cause, to examine the entire record for error. 'In obedience to this command, we have investigated the record proper. It discloses that the indictment sufficiently charges the defendant with an offense under the statute, and that he was arraigned and pleaded not guilty thereto. It appears the cause was tried and a competent judgment of conviction entered. The record proper is sufficient to support the conviction, and the judgment is affirmed. It is so ordered. *Reynolds, P. J.,* and *Goode, J.,* concur.