JOSEPH PERRINGER et al., Appellants, v. UNKNOWN HEIRS OF CHRISTIAN RAUB et al.

Division Two, October 4, 1923.

1. **APPEAL: Submission of Question of Law Without Record.** The statute (Sec. 1548, R. S. 1919) authorizing parties to a question in difference, which might be the subject of a civil action, to agree, without action, upon a case containing facts upon which the controversy depends, and submit it to any court which would have jurisdiction if an action had been brought, applies solely to trial courts.

2. ———: ———: **No Bill of Exceptions or Abstracts.** Appeals are purely statutory, and there must be a compliance with the statutory requirements in presenting a case to the appellate court. It is not enough that there be a certified copy of the judgment and order allowing an appeal filed with the clerk, followed by an agreement of counsel upon the question which they desire to have decided; unless there is also a bill of exceptions and a printed abstract, the question cannot be considered.

3. ———: **Abstract: Agreed Statement.** The statute (Sec. 1479, R. S. 1919) requiring a printed abstract in civil cases is mandatory,

and the abstract must set forth a copy of so much of the record as is necessary for the proper disposition of assigned errors. A statement in which is set forth the question of law which it is desired to have decided, accompanied by excerpts from the evidence and the ruling of the trial court thereon, although agreed to by counsel for all parties, will not take the place of a printed abstract. And the rule applies where a short form of transcript has been filed.

4. ————: **Bill of Exceptions: Motion for New Trial: Filing.** The mere statement of counsel that a bill of exceptions' was filed does not sufficiently attest that fact in the absence of a record entry to that effect. And the same is true of the filing of a motion for a new trial. Neither can be considered on appeal unless the record proper shows it was filed.

Appeal from Madison Circuit Court.—*Hon. Peter H. Huck*, Judge.

DISMISSED.

*Edward D. Anthony* for appellants.

*David M. Tesreau* and *Charles Neuman* for respondents.

WALKER, J.—This action was brought in the Circuit Court of Madison County to try and determine the title to a tract of land lying therein.

The matter submitted for our consideration consists in what is termed a statement of the case which relies wholly for its record integrity upon the appended signatures of the counsel for the respective parties. It gives a synopsis of the pleadings, defines the contentions of the litigants presumably as shown by the facts, states that the case was tried to the court, which after defining the rights of the parties entered judgment accordingly. Whereupon the plaintiff, not content with the findings, filed a motion for a new trial and in arrest. Upon the overruling of same he made, we presume as it is not preserved, the usual affidavit for an appeal to this court, which it is stated was granted. This is followed by what purports to be the evidence adduced, and after

again stating the matters in controversy this is added: "Counsel for the parties submit this case to this court without any other record, or brief or statement. The question for this court to adjudicate is this: What is the meaning of the words: Except one-half of the mining rights in said land and one-half of a mill privilege on said land?"

Following this is the statement that the appellant filed his bill of exceptions, followed by another repetition of the contentions of the parties. Subjoined thereto is a long list of authorities stated to be submitted for the consideration of the court. Counsel for each of the parties have attached their names to this document. Prior to its being forwarded to the clerk a short form of transcript was filed.

I.   There is in the foregoing neither a copy of the record proper nor of the bill of exceptions, save such portion of the former as is included in the short form of transcript, to-wit, a certified copy of the judgment and the order granting the appeal. In attempting to thus submit this case for our review counsel are evidently seeking to apply the statute (Sec. 1548, R. S. 1919) which authorizes parties to a question in difference to submit the same for determination upon a statement of the facts to any court which would have jurisdiction, if an action had been brought. This statute has no application, except to trial courts. [State ex rel. Malin v. Merriam, 159 Mo. l. c. 659.] As we have repeatedly held, appeals are purely statutory. A simple well defined procedure has been provided which it is necessary to follow to entitle a litigant to a review of a case upon appeal. No pretense is made of a compliance or an attempted compliance with the requirements of the statute (Sec. 1479, R. S. 1919) in the submission of the case to this court. We refer more particularly to the filing with our clerk of a perfect transcript of the record and proceedings in the cause, or in lieu thereof a certified

*(margin note: Printed Abstract.)*

copy of the record entry of the judgment and the order granting the appeal followed by the filing of a printed abstract of the entire record of the cause. The necessity of the filing of this abstract and what it shall contain has been determined by us too frequently to require a recital of same here.

In the absence of a certified copy of the record proper or the bill of exceptions there is nothing before us aside from the short form of transcript, except a communication from counsel detailing what was done in the trial of the case and stating the question sought to be determined. Liberal as is our procedure we know of no authority for this epistolary form of appeal. On the contrary, it has been definitely held by us that, although a complete transcript is filed, in the absence of an abstract the appeal will be dismissed. [Whiting v. Lead Co., 195 Mo. 509; St. Louis v. Young, 248 Mo. 346.] A like rule applies where a short form of transcript has been filed. [Bank v. Kropp, 266 Mo. 1. c. 220 and cases.] That the statute requiring the filing of the abstract is mandatory is evident from the statement of its purpose. That purpose is that the court may be enabled from the epitome or abridgment of the entire record thus presented to clearly determine the course of the trial, the rulings of the lower court upon the matters presented and whether exceptions thereto were considered and preserved. [Nolan v. Johns, 126 Mo. 1. c. 167.]

As BRACE, J., speaking for this court in the Nolan Case, as to the requirements of the abstract, said: "It does not mean a mere narrative by counsel of such of the proceedings of the court as they may deem necessary for the determination of the questions they propose to raise in this court with such extracts from the record, and excerpts from the evidence as they may think necessary, accompanied by a statement that the court ruled so and so, and the parties did so and so, which is all the so-called transcript in this case is or purports to be. Without the record, or the substance of it, or so much

thereof as 'is necessary to a complete understanding of all the questions presented to the court for decision,' we cannot intelligently review the action of the trial court in any case.''

The mandatory nature of the statute is further attested in the later case of Snoddy v. Jasper County, 146 Mo. l. c. 113, in which this court, speaking through Judge W. M. WILLIAMS, said: ''the abstract must set forth a copy of so much of the record as is necessary to be consulted in the disposition of the assigned errors.'' [Jordan v. Railroad, 92 Mo. App. l. c. 82.]

In construing what is now Section 1479, Revised Statutes 1919, the courts of appeals, in harmony with our rulings, hold that an appellant must file both a statement and an abstract of the record; and that the appeal will be dismissed where no abstract is furnished, although the statement made may contain matter which should have appeared in the abstract. ''That it is not allowable to file a statement and commingle therein entries from the record proper and matters of exception,'' (Himes v. Young (K. C. Ct. App.), 220 S. W. 671) ; ''that despite the liberality of the courts in ruling upon matters of practice, an abstract of the record will not be dispensed with and a statement in narrative form of the proceedings of the trial court permitted, which purports to give the proceeding of the latter.'' [Steers v. Franklin Lead Co., 209 S. W. (Spgfld. Ct. App.) 115.]

II.   Furthermore the mere statement of counsel as to the filing of the bill of exceptions does not sufficiently attest that fact in the absence of a certified copy of an entry in the record proper to that effect.   The filing of a bill is consummated by a recording of the **Bill of Exceptions.** filing of same by the clerk upon the record. [Wilson v. Ry., 167 Mo. 323; Roush v. Cunningham, 163 Mo. 173; Fulkerson v. Houts, 55 Mo. 301.] There is, therefore, nothing to show that a bill of exceptions was ever filed in this case.   While it is stated that a motion for a new trial was filed and overruled,

that this was done must also be shown by an entry of record and could only properly appear in the record proper. [State v. Woodring, 135 Mo. App. 652.]

That this so-called statement is not a part of the record proper is beyond a question and it cannot be held to constitute a part of the transcript unless incorporated in a bill of exceptions. The absence of the latter therefore precludes the consideration of the statement from whatever coign of vantage the case may be viewed. [State ex rel. Malin v. Merriam, 159 Mo. 655.]

This exact question was first decided by this State in Kennerly v. Merry, 11 Mo. 214, in which NAPTON, J., speaking for the court, said: "There is no bill of exceptions in the case, and no motion for a new trial. A statement of facts agreed to by counsel is copied by the clerk in the record, but it is not made a part of the record by bill of exceptions. The judgment will therefore be affirmed." This affirmance followed rather than a dismissal of the appeal because of the presence of a record proper requiring a review, which does not appear in the instant case.

Following the ruling in the Merriam Case, supra, we held in Fruin v. O'Malley, 241 Mo. 250, that findings of fact in an action at law, not made a part of the judgment, if not incorporated in the bill of exceptions, leave nothing for review upon appeal but the record proper. In the absence of the latter nothing is left for consideration.

In a recent case by the lamented Judge Roy, State ex rel. Kansteiner v. Keithley, 204 S. W. 24, we held that an agreement between the parties as to the legal questions to be decided cannot be considered unless put in the bill of exceptions. The apposite reasoning of Judge Roy in that case to the one at bar justifies a quotation from his opinion as follows:

"We know of no way of bringing to this court the proceedings in the trial court unless such proceedings be sent here either in the record proper or in the bill of

exceptions. If there was any agreement in the trial court limiting the scope of its ruling on the demurrer, the record of that court is silent on the subject. An agreement in the trial court as to what the facts are does not become a part of the record unless put in the bill of exceptions." (Citing the O'Malley and Merriam cases). "There is no reason why the same rule should not apply as to agreements in the trial court as to the extent of the legal questions to be decided by the court. We are called on here for the first time to determine whether any such agreement was made and the meaning and scope of that agreement. This court may very well consider agreements that are made here for the first time as to the facts or the law; but it cannot pass on such agreement made in the cause in the trial court unless they come here in the usual way."

In view of all of which the conclusion, under the most latitudinary construction that can be placed upon our code, is that there has been nothing submitted in this case which we can consider. It follows, therefore, that the order of affirmance of February 23, 1923, should be set aside —that the appeal should be dismissed. It is so ordered. *White, J.,* concurs in the result; *David E. Blair, P. J.,* dissents.