ALICE R. BULLOCK, PLAINTIFF IN ERROR, v. B. R. ELECTRIC SUPPLY CO., DEFENDANT IN ERROR.—60 S. W. (2d) 733.

Kansas City Court of Appeals.   May 22, 1933.

*Gossett, Ellis, Dietrich & Tyler* for plaintiff in error.

*Charles P. Woodbury* for defendant in error.

TRIMBLE, J.—Alice R. Bullock, originally brought this suit in the circuit court to declare *null and void*, and to *quash the record*, of *three judgments* rendered against her in favor of B. R. Electric Company, each for the sum of $541.75, by Sutton R. Layton, a justice of

the peace, for Kaw Township, Jackson county, Missouri, on January 3, 1928, on the alleged ground that Layton was without jurisdiction to try said causes *outside* his territorial jurisdiction.

It was alleged that, on said date, said Layton was a justice "by virtue of an order and commission issued by the County Court of Jackson County, Missouri" whereby "he had authority and jurisdiction" to reside and hold office in Kaw Township, *outside* of any of the *eight established justice-of-the-peace Districts* of said township, and *five miles* from the nearest justice of the peace, but that the above specified judgments were rendered "at an office in the Gumbel Building, 8th & Walnut streets, in Kansas City, Missouri, and within the justice-of-the-peace district of George F. Roach, the duly elected and acting justice of the peace within and for the *third* justice-of-the-peace *district* in said township and that said Layton rendered judgments in each of said cases on said day and entered same of record in said Gumbel Building; that on March 28, 1928, a certified transcript of each of said judgments was filed in the office of the clerk of the Circuit Court of Jackson County, Missouri. And the said three judgments are now of record in Transcript Judgment Book No. 10 at pages 391, 392 and 393, and are thus clouds on her real estate.

The trial court found and held that said Justice Layton was without jurisdiction to try said three causes and that the said three cases were tried and the judgments were rendered within the territorial jurisdiction of George F. Roach, justice of the peace of the *third* district, Kaw Township, Jackson county, Missouri; it was therefore adjudged that the plaintiff's petition be sustained; that said three judgments be, therefore, held, and are, null and void, and the transcripts thereof in the clerk's office are of no effect; and judgment was accordingly rendered in plaintiff's favor for costs.

Said circuit court judgment was rendered on the 34th day of the regular November, 1930, term, it being the 20th day of December, 1930. On December 30, 1930, defendant's motion for a new trial was overruled; also application and affidavit for appeal were filed and appeal allowed on same day, and appellant was allowed until on or before the last day of the January term in which to file bill of exceptions.

The foregoing is shown in, and obtained from, the "short-form transcript" which was filed in the office of the clerk of the appellate court February 26, 1931. Under section 1027, Revised Statutes of Missouri 1929, 2 Missouri Statutes Annotated, page 1306, if the appeal were taken sixty days before the next term of this court, it was returnable to said next term which was the March term, 1931, the first day of which was March 2, 1931. Under section 1028, Revised Statutes Missouri 1929, 2 Missouri Statutes Annotated, page 1310, the appellant was required to file in the clerk's office certified copy of the record entry of the judgment appealed from, together with the order

granting the appeal, fifteen days before the first day of the term (March 2, 1931). This was not done, and it was not until February 26, 1931, that appellant filed its transcript, and, had respondent filed a motion to dismiss appeal, the same would have been subject to dismissal. However, before any motion to dismiss appeal was ,filed, the appellant, on said February 26, 1931, appeared before the clerk *in vacation* and filed its transcript and then immediately dismissed its said appeal. This appellant had a right to do in order to be in a position to sue out a writ of error. [Thoms v. Sullivan, 79 Mo. App. 384; Erwin v. Missouri, etc., Telephone Co., 173 Mo. App. 508, 519; Broyles v: State Highway Comm., 223 Mo. App. 71, 75.]

The next day, February 27, 1931, a writ of error issued out of the clerk's office which was duly returned into court on the 1st day of October, 1931. No bond was given. The October term, 1931, began October 5th and the writ of error having been returned so late as October 1, the case did not appear on that docket but was returnable to the next, or March term, 1932, and appeared on the docket of the April call of said term, April 6, 1932. When it was reached on that day, the case was continued by stipulation to the October term, 1932, and, at this last named term it appeared on the January call thereof, January 5, 1933. And on this day it was again continued by stipulation to the succeeding March term, at which it was set on the docket for March 13, 1933, and was then argued and submitted.

The court being in vacation on February 26, 1931, the appellant had the right, immediately after filing its belated transcript, to, at once, dismiss its appeal and sue out a writ of error. No motion to dismiss had been filed by the respondent and no such motion was pending.

A motion to dismiss appeal was filed by respondent March 1, 1933, but it was not until appellant had long before dismissed said appeal on February 26, 1931, and the next day had sued out a writ of error. When this motion came before the court in consultation, the court, not being acquainted with the history of what had been done, ordered the motion "taken with the case." Hence it is now before us for disposition. Obviously, since the case on appeal was dismissed by appellant before the motion to dismiss was filed by respondent, there is nothing for the motion to operate on, and hence is itself to be dismissed or overruled.

On March 1, 1933, a motion was filed by defendant in error herein, Alice R. Bullock, to dismiss, or rather to quash, the writ of error on the ground that an appeal in said case was pending; but this seems to be based upon a misconception of the facts. The appeal had been dismissed before the writ was applied for, and appellant had the right to do so upon complying (which it did), with all the provisions of section 959, Revised Statutes of Missouri 1929, 2 Missouri Statutes

Annotated, page 1231. This motion having been likewise "taken with the case" must be, and it is, overruled.

Another motion to quash the writ of error was filed by defendant-in-error on March 13, 1933, the day of which the case was docketed in this court for argument and hearing; said motion being on the ground that, in a motion filed in the circuit court by General Electric Supply Company in which it entered its general appearance and asked to be substituted as a party defendant in the case of Bullock v. B. R. Electric Company for the reason that the latter's attorneys had "heretofore filed answer and cross-petition in said suit in the name of said defendant not knowing until within the last few days, that applicant had become the assignee of all defendant's assets including debts reduced to judgments which are the judgments referred to in plaintiff's petition in this cause and the original notes and indebtedness upon which said judgments were duly rendered, and all have become and now are the property of applicant General Electric Supply Corporation, a corporation organized under the laws of Delaware and duly authorized to do business in Missouri, as the assignee of and successor to said B. R. Electric Supply Company, and has succeeded to all of the assets and likewise has assumed all of the liabilities of the B. R. Electric Supply Company" and since this last named corporation has been dissolved, there is no defendant herein against whom this action can be prosecuted unless the General Electric Supply Corporation is substituted as a defendant, and said last named corporation has succeeded to all the assets and liabilities of said B. R. Electric Supply Company including in said assets the three justice-of-the-peace judgments referred to in this cause, and all the rights in connection therewith, including all rights in and to the original notes on which said judgments were rendered, the said General Electric Supply Corporation is entitled to be substituted as party defendant herein as assignee, and in place of, and successor to, said B. R. Electric Supply Company. The motion to quash the writ of error seems to be based on the fact that, in the motion to be substituted, it was alleged that the B. R. Electric Supply Company was or then had been dissolved.

It appears to us that, under the facts of this case, the B. R. Electric Supply Company has *not* attempted, after its decease, to secure a writ of error and carry on the litigation with Alice R. Bullock; but that the assets and liabilities of said Company, including the very property and assets here in controversy, having become the property of the General Electric Supply Corporation, owner of such assets and subject to the liabilities aforesaid, sought to have itself substituted as defendant in the litigation and sued out the writ of error, but counsel not being aware of the facts did so in the old company's name instead of the new. Hence the suing out of the writ is not a nullity,

but would appear to redound to the interest of the plaintiff Alice R. Bullock (now defendant in error) since, if she is entitled to the judgment rendered by the circuit court, she is furnished with a *live* and not a *defunct* corporation on which her judgment can operate. Moreover, no objection or complaint as to the validity of the writ was made until after plaintiff in error was allowed to go to the expense of printing briefs and abstracts to meet the case on the 13th day of March, the day it was set for hearing, and, only until that day, was any objection made, or motion filed, asking the writ to be quashed. It would seem that in accordance with the holding of the St. Louis Court of Appeals in Hecht Bros. Clothing Co. v. Walker, 224 Mo. App. 1156, 35 S. W. (2d) 372, in a very similar situation, defendant-in-error Bullock has waived this seeming discrepancy or defect. At least she will not be heard in support or enforcement of it. [Bombeck v. Bombeck, 18 Mo. App. 26.] However, this may be unnecessary and mere *obiter*, for the reason that the facts, apparently relied upon in the motion to quash this suit or writ of error, have not been properly preserved for our consideration. Nothing of the kind was incorporated in a bill of exceptions, and no motion is a part of the record unless it is incorporated in and preserved by a bill of exceptions. [Jefferson City v. Opel, 67 Mo. 394; Electrolytic Chlorine Co. v. Wallace, etc. Co. et al., 328 Mo. 782, 41 S. W. (2d) 1049, 1051; Hampe v. Versen, 32 S. W. (2d) 797; Dix v. German Ins. Co., 65 Mo. App. 34; Witthaus v. Washington Savings Bank, 18 Mo. App. 181, 182.] Even an abandoned pleading must, to be reviewable or to be considered, be offered in evidence and preserved in the bill of exceptions. [Lyons v. National Surety Co., 243 Mo. 607, 147 S. W. 778; Boyd v. St. Louis Brewing Assn., 318 Mo. 1206, 5 S. W. (2d) 46.] It is well settled that a motion itself is no evidence whatever of its contents. [Home Ins. Co. v. Missouri Power & Light Co., 327 Mo. 1201, 39 S. W. (2d) 1039; Orlando v. Surwald, 47 S. W. (2d) 228.] The same is true as to a stipulation or agreement as to facts, that is, it must be preserved in the bill of exceptions like any other evidence. [Fruin v. O'Malley, 241 Mo. 250, 141 S. W. 437; Perringer v. Unknown Heirs of Raub, 300 Mo. 535, 254 S. W. 703.] Besides, the question has been determined adversely to the defendant-in-error. [Barrett v. Stoddard County, 246 Mo. 501, 509.] See also, same case, 183 S. W. 644. The contents of defendant-in-error's additional abstract not having been preserved in a bill of exceptions, the motion to strike same from the record is sustained.

Still further, the record discloses that the defendant-in-error knew on December 4, 1930, all that she *now* claims to know about the matter here being considered, but she never made any objection thereto until the filing of her motion on March 13, 1933. The point, if there ever was any, is waived. [Secs. 770, 774, R. S. Mo. 1929, 2 Mo. St.

Ann., pp. 1000, 1010.] The motion to quash writ of error is overruled.

We do not think it is necessary to go into any intricate analysis of the method by which the county court appointed Justice LAYTON to his office as a justice of the peace of Kaw Township, Jackson County, Missouri, nor the extent to which such justice's powers under the Constitution can be limited or controlled, if at all, by any such orders of the county court, for the main question ultimately involved here is whether or not the circuit court erred in holding that the three judgments of the Justice of the Peace involved herein could, in this proceeding, be set aside as void because of the justice's want of jurisdiction. We think this question is not open to investigation by us for it has been settled and determined by the Supreme Court that a justice's judgment cannot be thus collaterally attacked. [State ex rel. v. Brown, 48 S. W. (2d) 857, l. c. 859.]

There seems to be another question in the case, but to our minds that question is no longer of vitality or importance in view of our holding that it was error to set aside and hold for naught the three justice judgments on the ground that the justice was without jurisdiction to render them. For, since the judgments of the justice are *not* null and void, they are left in full force and effect and defendant's answer and cross-petition, even were it otherwise entitled to be upheld, has now no office to perform, since it seeks merely to obtain judgment on the notes on which the said judgments were rendered, only in case the judgments were ultimately held void. It is unnecessary for us to say whether plaintiff (now defendant-in-error) Bullock's proceeding is a *mere motion,* as she contends; or is an ordinary suit just like any other action, as it seems to be.

The judgment of the trial court, declaring the three justice judgments null and void, is therefore reversed, and the cause is remanded with directions to render judgment for defendant (now plaintiff in error) on plaintiff's (now defendant in error) petition, and dismissing the former defendant's cross-petition as *functus officio* or incapable of accomplishing any further purpose or effect. It is so ordered. The other judges concur.